## FORD *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

Submitted December 18, 1885,—Decided January 4, 1886.

The jurisdiction of the Court of Claims over cases referred to it by one House of Congress is subject to provisions of general statutes of limitation regulating that jurisdiction.

This was an appeal from the Court of Claims. The facts are stated in the opinion of the court.

*Mr. Gilbert Moyers* and *Mr. George S. Boutwell* for appellant.

*Mr. Attorney-General* for appellee.

MR. JUSTICE HARLAN delivered the opinion of the court.

By resolution of the Senate of the United States adopted on the 23d of February, 1885, a bill pending before that body for the relief of William G. Ford, administrator of John G. Robinson, deceased, was referred, ".in accordance with the provisions of article one of section 1059 of the Revised Statutes, to the Court of Claims, together with the vouchers, papers, proofs, and documents appertaining thereto."

The bill to which the resolution referred was as follows:

" A bill for the relief of William G. Ford, administrator of
John G. Robinson, deceased.

" Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the claim of William G. Ford, administrator of John G. Robinson, deceased, for the interests of the American legatees of the said Robinson, which were not provided for in the award of the mixed commission under the Treaty of Washington of the date of September twenty-fourth, eighteen hundred and seventy-three, be, and the same is hereby, referred to the Court of Claims, relieved from the bar of the statute of limitations ; and the said Court of Claims is authorized to receive as evi-

dence, at its discretion, the testimony already taken by said mixed commission in the said case, as though taken over again, and either party may take further and additional testimony, under the order and rules of the court, as in other cases: Provided, That before final judgment shall be rendered by the said court the said William G. Ford shall duly execute, according to law, a new administration bond, in such ·penalty and with such sureties as the said court · shall deem sufficient and approve."

The petition of the claimant was filed in the Court of Claims on the 10th of March, 1885. It represented that he was a citizen of the United States, and a resident of the city of New York; that John G. Robinson was born in England, and was a subject of Great Britain, residing during the recent civil war in New Orleans; that, on or about March 7, 1863, his intestate purchased of one Robert B. Hurt, of Madison County, Tennessee, 238 bales of cotton, worth about $88,260, which was delivered to said Robinson, at Ponchatoula, Louisiana, on or about the date last named; that the cotton " was seized by the United States military authorities, under command of General Banks, and under the direction of said authorities the same was sold in New Orleans, and the proceeds thereof appropriated to the use and benefit of the United States Government; " that his claim, as administrator of Robinson, for the proceeds of such sale, was, on or about the 25th of March, 1872, presented to the mixed commission on British and American claims, under the 12th article of the treaty of May 8, 1871, and by that commission was allowed to the extent of only $29,638, in gold, as the value of the interest of Mary G. Barker, the only surviving legatee under the will of Robinson, who was a British subject ; that petitioner believed that award to be unjust to the devisees under the will of Robinson, who were citizens of the United States, and petitioned Congress for relief ; that his petition, with vouchers, etc., were referred by the Senate to the Court of Claims, under § 1059 of the Revised Statutes; and that said Robinson died in Biloxi, Mississippi, on or about August 25, 1869, without having given any aid or

comfort to the rebellion.    He prayed judgment against the United States for $66,195, which was the balance of the proceeds derived from the sale of the cotton.

In the Court of Claims the United States moved to dismiss the petition, upon the ground that the action was barred by the limitation of six years prescribed by § 1069 of the Revised Statutes.    Subsequently, a general demurrer to the petition having been filed, the case was heard upon the motion to dismiss, as well as upon the demurrer.    The motion to dismiss was denied, but the action, in the opinion of that court, being barred by the limitation of two years prescribed by the Captured and Abandoned Property Act of March 12, 1863, was dismissed.

By § 1059 of the Revised Statutes the Court of Claims has jurisdiction to hear and determine the following, among other matters: " First, all claims founded upon any law of Congress, or upon any regulation of an executive department, or upon any contract, expressed or implied, with the Government of the United States, and all claims which may be referred to it by either House of Congress. . . . Fourth. Of all claims for the proceeds of captured or abandoned property, as provided by the act of March 12, 1863, ch. 120, entitled ' An act to provide for the collection of abandoned property, and for the prevention of frauds in insurrectionary districts within the United States,' or by the act of July 2, 1864, ch. 225, being an act in addition thereto: *Provided,* That the remedy given in cases of seizure under the said acts, by preferring claim in the Court of Claims, shall be exclusive, precluding the owner of any property taken by agents of the Treasury Department as abandoned or captured property in virtue or under color of said acts, from suit at common law, or any other mode of redress whatever, before any court other than said Court of Claims : *Provided also,* That the jurisdiction of the Court of Claims shall not extend to any claim against the United States growing out of the destruction, or appropriation of, or damage to, property by the Army or Navy engaged in the suppression of the rebellion."    18 Stat. 318, ch. 80.

The act of March 12, 1863, providing for the collection and

disposition of captured or, abandoned property, permits any person claiming to have been the owner of any such property, "at any time within two years after the suppression of the rebellion," to "prefer his claim to the proceeds thereof in the Court of Claims." 12 Stat. 820.

Section 1069 provides that "every claim against the United States, cognizable by the, Court of Claims, shall be forever barred, unless the petition setting forth a statement thereof is filed in the court or transmitted to it by the Secretary of the Senate, or the clerk of the House of Representatives, as provided by law, within six years after the claim first accrues: *Provided*, That the claims of married women first accrued during marriage, of persons under the age of twenty-one years, first accrued during minority, and of idiots, lunatics, insane persons, and persons beyond the seas at the time the claim accrued, entitled to the claim, shall not be barred, if the petition be filed in the court, or transmitted, as aforesaid, within three years after the disability has ceased; but no other disability than those enumerated shall prevent any claim from being barred, nor shall any of the said disabilities operate cumulatively." 12 Stat. 767, ch. 92.

The assignments of error assume that the reference by the Senate to the Court of Claims of the bill before that body for the relief of claimant, had the effect to invest that court with full jurisdiction to hear and determine his claim, relieved from any bar arising from limitation, whether the limitation of six years prescribed by § 1069 of the Revised Statutes, (which is brought forward from the act of March 3, 1863, amendatory of the act of 1855, establishing the Court of Claims), or that of two years, established by the Captured and Abandoned Property Act of March 12, 1863.

The statutes regulating the jurisdiction of the Court of Claims do not sustain this position. It is undoubtedly within the power of Congress to place claims referred to that court by the Senate or by the House of Representatives, on a better footing than other claims, by providing that they may be determined upon their merits, without reference to lapse of time, or any previous bar by limitation. But Congress had no pur-

pose by its general legislation to establish such a policy. It has, in special cases, invested the Court of Claims with jurisdiction to determine a claim, relieved of the bar of limitation. Such was Erwin's case, arising under the Captured and Abandoned Property Act, the purpose of the statute which referred it being construed as manifesting the intention of Congress, in respect of that particular claim, to remove the bar of limitation, and, without otherwise changing the claimant's position from what it would have been had he instituted suit in proper time, to permit an adjudication of the claim upon its merits. *Erwin* v. *United States*, 97 U. S. 392. No such result can be reached in this case, because Congress has not referred the demand of the claimant to the Court of Claims for determination. The clause of the statute investing that court with jurisdiction to hear and determine all claims referred to it "by either House of Congress," must be interpreted in the light of other clauses defining its jurisdiction, and fixing in respect of all claims, the period within which they must be asserted against the United States. Congress, by statute, which has received the approval of the President, has declared that all claims specifically for the proceeds of captured or abandoned property, must be brought within two years after the suppression of the rebellion; that the jurisdiction of the Court of Claims shall not extend to claims growing out of the destruction or appropriation of, or damage to, property by the army or navy engaged in the suppression of the rebellion; and that except where the claimant is laboring under certain disabilities, that have no application here, every claim against the United States, cognizable by the Court of Claims, shall be forever barred, unless filed in that court, or transmitted to it by certain officers, within six years after the claim first accrued. The argument here is that these statutory provisions are suspended in their operation as to every claim belonging to either of these classes, which one branch of Congress chooses to refer to the Court of Claims. Any such interpretation must be rejected. It is unreasonable to suppose that Congress intended to invest one of its branches with authority to suspend a general statute of limitation. Every claim cognizable by

the Court of Claims must be determined with reference to the limitation prescribed for claims of the class to which it belongs, unless Congress, by statute, otherwise directs. The Court of Claims has jurisdiction to hear and determine a claim referred to it by either House of Congress, because, and only because, the law-making power has so declared; but unless Congress otherwise prescribes, that reference will not itself entitle the claimant to a judgment, if his claim is not well founded in law, or, when so referred, was barred by limitation. He acquires no new right by the reference, except to demand that his claim be heard and determined by the court, just as would have been done, had it been one of which the court could have taken cognizance by the voluntary suit of the claimant. Had he chosen, before going to Congress, to sue in the Court of Claims, he would have been confronted with the statute of limitations. He cannot avoid that obstacle by procuring from one branch of Congress a reference of his claim to that court.

This construction of the statutes requires an affirmance of the judgment; for, if it was intended by the petition to present a claim under the Captured and Abandoned Property Act of 1863, it is barred by the limitation of two years prescribed for all claims under that statute; if it was intended to present a claim growing out of the appropriation of property by the army engaged in the suppression of the rebellion, the act of February 18, 1875, 1ᴜ Stat. 318, now the last proviso in subdivision four of § 1059 of the Revised Statutes, excludes all jurisdiction to hear and determine it; and, if his claim is of the class defined in § 1069, it is barred by the limitation of six years.

*Judgment affirmed.*