Richardson, Oh. J.,
delivered the opinion of the court:
The Committee on Claims of the Senate, by order of March 26,1884, transmitted this case to the court under the provisions of the Aet of March 3, 1883 (22 Stat. L., 485), known as the Bowman Act.
The claimant filed his petition January 23, 1886, alleging substantially that in January, 1865, and previously, he was the owner of 104 barrels of turpentine, containing 3,640 gallons, which was stored in a warehouse in Savannah, Ga., on account of Burroughs, Blair & Co., of which firm he was a member and sole owner of all its property, the other members being entitled only to the profits of the business.
It is further alleged—
“That on the 6th of January, 1865, Capt. F. O. Butze, assistant quartermaster, United States Army, seized the said tur- *254 pen tine, and took it on bis returns, giving his official receipt for the same; that the said Captain Butze, on or about the 7th day of February, 1865, shipped the said turpentine to Hilton Head, to be reshipped from there to General Stewart Yan Vliet, deputy quartermaster-general, United States Army, at New York; that the said turpentine, when it reached Hilton Head, was detained by the officers qf the Treasury Department, and subsequently shipped to Boston and sold; and that the proceeds of the said sale were paid into the Treasury of the United States.”
On the 10th of March, 1886, the defendants filed a motion to dismiss for want of jurisdiction on the ground that the claim was barred within the meaning of section 3 of the Bowman Act, which is as follows:
“Nor shall the said court [of Claims] have jurisdiction of any claim against the United States which is now barred by virtue of the provisions of any law of the United States.”
There is no doubt that the claim is one which comes within the terms of the Abandoned or Captured Property Act of March 12, 1863 (12 Stat. L., 820), which contained the following provision :
“And any person claiming to have been the owner of any such abandoned or captured property may, at any time within two years after the suppression of the rebellion, prefer his claim to the proceeds thereof in the Court of Claims; and on proof to the satisfaction of said court of his ownership of said property, of his right to the proceeds thereof, and that he has never given any aid or comfort to the present rebellion, to receive the residue of such proceeds, after the deduction of any purchase money which may have been paid, together with the expense of transportation and sale of said property, and any other lawful expenses attending the disposition thereof.”
The claimant might, therefore, have voluntarily brought his action in this court on the same demand at any time within two years after the suppression of the rebellion, and not having done so his claim was barred at the time of the passage of the Bowman Act. [Ford’s Administrator, 19 C. Cls. R., 519; Ford’s Case, 116 U. S. R., 218.)
When a remedy has been provided for a claimant and he has not availed himself of it within the time prescribed by law, and no other avenue remains open to him, his claim is barred; and it is just that class of claims of which the Bowman Act prohibits this court from taking jurisdiction. (McClure & Porter’s Case, 19 C. Cls. R., 18; Dunbar’s Case, ib., 489; Dennis’s Case, *255 20 id., 119; State of Illinois Case, ib., 348; Battelle & Evans’s Case, 21 id., —.)
The order of the court is that the motion be allowed and the case dismissed for want of jurisdiction, and that a copy of this opinion be transmitted by the clerk of the court to the Committee on Claims of the Senate.