## LYNCH v. UNITED STATES.

### No. 7839.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1935.

Rehearing Denied Jan. 7, 1936.

John J. McCreary, of Macon, Ga., for appellant.

Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C., Wilbur C. Pickett and Randolph C. Shaw, Sp. Assts. to Atty. Gen., and T. Hoyt Davis, U. S. Atty., and A. Edward Smith, Asst. U. S. Atty., both of Macon, Ga., for the United States.

Before SIBLEY and WALKER, Circuit Judges, and HOLMES, District Judge.

HOLMES, District Judge.

This is the second appearance of the appellant here. In the first she appealed from a judgment sustaining a general demurrer to her complaint assailing the constitutionality of the clause in the Act of March 20, 1933 (chapter 3, 48 Stat. 8, 38 U.S.C.A. § 701 et seq. and 5 U.S.C.A. § 673 note), commonly called the "Economy Act," repealing all laws granting or pertaining to yearly renewable term insurance. (C.C.A.) 67 F.(2d) 490. After the reversal of this court's decision (292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434), and about twenty-three months after the commencement of this action, the defendant filed in the District Court a plea to

the jurisdiction, alleging that the claim for insurance benefits was not filed until April 21, 1933, which was after the time within which the United States has consented to be sued in cases of this character. By stipulation duly filed, a jury was waived and the jurisdictional issue decided by the court, after hearing the evidence, the court sustaining the plea and dismissing the plaintiff's action. The facts material to the court's conclusion that it was filed too late were embodied in special findings and were not challenged by appellant. She assigns as error the conclusions of the court (1) that the failure to institute the action within the permitted time was jurisdictional and could not be waived, and (2) that the defendant was not estopped to deny that the court had jurisdiction.

The assignments of error now relied upon set forth the retention by the Veterans Administration of appellant's claim for insurance, without objection to its belated filing, and of said Administration calling upon her for evidence in support of the same (which was furnished at considerable expense and inconvenience), which conduct, it is contended, constituted a waiver by the defendant of the delay in filing said claim; and the giving by defendant of a reason other than the delay for refusing payment, and not urging said defense until after she had appealed her case to the Supreme Court and it had been remanded, which it is alleged estops the government to make said defense.

 The United States has consented to be sued upon war risk insurance contracts only upon the facts stated in section 19 of the World War Veterans' Act 1924, as amended by the Act of July 3, 1930, c. 849, § 4, 46 Stat. 992 (U.S.C.Supp. VII, title 38, § 445, 38 U.S.C.A. § 445). A principal requirement of the section is that no suit be permitted unless brought within the time limited by the statute. Roberts v. U. S., 66 F.(2d) 273 (C.C.A.10). It must be conceded that appellant failed to comply with the statutory requirement for timely institution of the suit. Such concession is required by the facts found by the trial court which, not having been challenged below, are not here open to question.

 It is not necessary to determine whether the facts relied upon by the appellant might constitute a waiver or estoppel if this action were against an individual upon a similar contract of insurance. The United States government has the sovereign right to fix the terms under which it consents to be sued. It has done so in this instance, and has not authorized the Veterans Administration or any officer of the government to alter the provisions or waive the limitations imposed. The requirement for timely institution of this action constitutes a jurisdictional condition precedent which may not be waived, or abrogated by estoppel, and which the plaintiff was required to show compliance with in order to make out a prima facie case. Statutes of similar provisions have been determined so to be. In Finn v. United States, 123 U.S. 227, 232, 8 S.Ct. 82, 85, 31 L.Ed. 128, the court said: "The duty of the court, under such circumstances, whether limitation was pleaded or not, was to dismiss the petition; for the statute, in our opinion, makes it a condition or qualification of the right to a judgment against the United States that—except where the claimant labors under some one of the disabilities specified in the statute—the claim must be put in suit by the voluntary action of the claimant, or be presented to the proper department for settlement, within six years after suit could be commenced thereon against the government. * * * The general rule that limitation does not operate by its own force as a bar, but is a defense, and that the party making such a defense must plead the statute if he wishes the benefit of its provisions, has no application to suits in the court of claims against the United States. An individual may waive such a defense, either expressly or by failing to plead the statute; but the government has not expressly or by implication conferred authority upon any of its officers to waive the limitation imposed by statute upon suits against the United States in the court of claims. Since the government is not liable to be sued, as of right, by any claimant, and since it has assented to a judgment being rendered against it only in certain classes of cases, brought within a prescribed period after the cause of action accrued, a judgment in the court of claims for the

amount of a claim which the record or evidence shows to be barred by the statute would be erroneous."

To the same effect was DeArnaud v. United States, 151 U.S. 483, 495, 14 S.Ct. 374, 38 L.Ed. 244. See, also, United States v. New York, 160 U.S. 598, 616–618, 16 S.Ct. 402, 40 L.Ed. 551.

In Louisville Cement Co. v. Interstate Commerce Commission, 246 U.S. 638, 642, 38 S.Ct. 408, 62 L.Ed. 914, the same rule was applied with reference to another federal statute. The court said ' (246 U.S. 638, page 642, 38 S.Ct. 408, 409, 62 L.Ed. 914):

"It is thus made very clear that the holding of the Commission was, not that, having jurisdiction over the claim upon consideration thereof, it was found to be barred by a statute of limitation, but that the language of the two-year provision of the act was jurisdictional, and placed it so beyond its power that it could not be considered at all, and that, for this reason, the petition, to the extent it related to the overcharges paid on February 1, 1911, was dismissed.

"We agree with this conclusion of the Commission, that the two-year provision of the act is not a mere statute of limitation, but is jurisdictional—is a limit set to the power of the Commission as distinguished from a rule of law for the guidance of it in reaching its conclusion. Interstate Commerce Commission v. Northern Pacific Ry. Co., 216 U.S. 538, 544, 30 S.Ct. 417, 54 L.Ed. 608. That. such was the opinion of this court was clearly intimated in Phillips Co. v. Grand Trunk Western Ry. Co., 236 U.S. 662, 667, 35 S.Ct. 444, 59 L.Ed. 774, and it conforms in principle to the holdings of the court with respect to a similar limitation, but for six years, on the jurisdiction of the Court of Claims. Ford v. United States, 116 U.S. 213, 6 S.Ct. 360, 29 L.Ed. 608; Finn v. United States, 123 U.S. 227, 232, 8 S.Ct. 82, 31 L.Ed. 128; United States v. Wardwell, 172 U.S. 48, 52, 19 S.Ct. 86, 43 L.Ed. 360."

See, also, the case of Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210. For application of the same rule in a war risk insurance case, see Miller v. United States (D.C.) 57 F.(2d) 889.

The judgment is affirmed.