## UNITED STATES v. PREECE.
### No. 1381.

Circuit Court of Appeals, Tenth Circuit.
Oct. 6, 1936.

Randolph C. Shaw, Sp. Asst. to the Atty. Gen. (Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., and Dan B. Shields, U. S. Atty., of Salt Lake City, Utah, on the brief), for the United States.

Clarence Baird, of Salt Lake City, Utah (Joseph G. Jeppson and Geo. A. Faust, both of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This is an action to recover automatic insurance benefits. Plaintiff enlisted in the military service May 5, 1917, and was discharged September 22, 1917. He alleged that he became totally and permanently disabled during service; a jury returned a verdict in his favor; judgment was entered thereon, and the government appealed. Three contentions are advanced for reversal: (1) That all subsisting provisions for claims for automatic insurance were repealed by section 17 of the Economy Act of 1933 (38 U.S.C.A. §§ 717, 718); (2) that the suit was not filed within the time prescribed by law; and (3) that there is an absence of substantial evidence to establish total and permanent disability during service. Believing that the second question is decisive and eliminates all necessity of discussing the others, we proceed to its consideration.

Article 4 of the War Risk Insurance Act of 1917 [1] authorized the issuance of in-

---

[1] 40 Stat. 398, 409, § 400 et seq.

surance to commissioned officers, enlisted men, and other persons named therein. The relevant part of section 401 (40 Stat. 409) provides: "That such insurance must be applied for within one hundred and twenty days after enlistment or after entrance into or employment in the active service and before discharge or resignation, except that those persons who are in the active war service at the time of the publication of the terms and conditions of such contract of insurance may apply at any time within one hundred and twenty days thereafter and while in such service. Any person in the active service on or after the sixth day of April, nineteen hundred and seventeen, who, while in such service and before the expiration of one hundred and twenty days from and after such publication, becomes or has become totally and permanently disabled or dies, or has died, without having applied for insurance, shall be deemed to have applied for and to have been granted insurance, payable to such person during his life in monthly installments of $25 each." That provision was amended by section 19 of the act of June 25, 1918 [2], but the amendment has no bearing here. The act plainly made an automatic award of insurance, and a person who became totally and permanently disabled while in the active military service between April 6th and the date on which the statute became effective is clearly within its terms. Plaintiff invokes its provisions, and we shall assume, without deciding, that it has not been repealed, but is still in effect.

It is settled to the point of being axiomatic that the United States can be subjected to suit only with its consent; that such consent may be granted with attached conditions or restrictions as to time and place; and that the courts are not free to extend the liability to suit beyond the plain language of the grant. Price v. United States, 174 U.S. 373, 19 S.Ct. 765, 43 L. Ed. 1011; Reid v. United States, 211 U.S. 529, 29 S.Ct. 171, 53 L.Ed. 313; Illinois Cent. R. Co. v. Public Utilities Commission, 245 U.S. 493, 38 S.Ct. 170, 62 L.Ed. 425; United States v. Alberty (C.C.A.) 63 F. (2d) 965.

It was provided in section 405 of the War Risk Insurance Act (40 Stat. 410) that in the event of a disagreement respecting a claim under a contract of insurance, suit could be brought against the United States in the District Court of the District in which the beneficiaries or any one of them resided. The act thus granted consent to be sued and fixed the place at which the right should be exercised, but it was silent as to time; and the first three amendments did not relate to that question.[3] In the absence of a federal statute, the courts applied the statute of limitations of the state in which the suit was filed. Stanley v. United States (D.C.) 23 F.(2d) 870; Jackson v. United States (D.C.) 24 F.(2d) 981 (reversed on other grounds (C.C.A.) 34 F. (2d) 241, 73 A.L.R. 316; Id., 281 U.S. 344, 50 S.Ct. 294, 74 L.Ed. 891); United States v. Sligh (C.C.A.) 24 F.(2d) 636 (judgment vacated because act of May 29, 1928, had become effective and applied. Sligh v. U. S., 277 U.S. 582, 48 S.Ct. 600, 72 L. Ed. 998). The act of May 29, 1928 [4] added a provision that suit should not be allowed under the section unless it be brought within six years after the right of action accrued or within one year from the effective date of the act, whichever is the later date; that the right of action should be deemed to have accrued on the happening of the contingency on which the claim is founded; and that in computing the time the period intervening between the filing of the claim in the Bureau and its rejection should be excluded. That was the initial federal statute fixing the time within which such a suit must be instituted, and it applied to all kinds of war risk insurance. Then came the act of July 3, 1930.[5] Section 4 (38 U. S.C.A. § 445) re-enacted the provision authorizing suits against the United States and provided that no suit on yearly renewable term insurance should be allowed unless brought within six years after the cause of action accrued or within one year after the date on which the act was approved, whichever is later; and that no suit should be allowed on converted insurance unless brought within six years after the cause of action accrued. Like provision was made for the exclusion of the time intermediate the filing of the claim and its rejection. It will be noted that in departure from the earlier statute the provision is textually confined to yearly renewable term insurance and converted insurance.

---

[2] 40 Stat. 614.
[3] Act May 20, 1918, 40 Stat. 555.
Act June 7, 1924, 43 Stat. 607.

Act March 4, 1925, 43 Stat. 1302.
[4] 45 Stat. 964, § 1.
[5] 46 Stat. 991.

Automatic insurance is neither renewable term insurance nor converted insurance. It cannot become effective unless the soldier dies or becomes totally and permanently disabled. In either event, it is a matured claim at the time it is issued; and it cannot be renewed or converted. It must be presumed that the Congress had these distinguishing attributes in mind at the time the statute was enacted. The material change in language can be given no other rational effect than a considered legislative intent to confine the newly fixed time to yearly renewable term insurance and converted insurance and to exclude all other kinds. A contrary conclusion would do violence to recognized rules of statutory construction. Accordingly, automatic insurance does not come within the extended period provided by that act.

■■ Decision of this case does not present need for exploration as to whether the act of 1928 was thus repealed in respect to automatic insurance or by some legerdemain remained intact, because the result is the same in either event. The right of action accrued in 1917. It is alleged in the complaint that the claim was presented to the Bureau in May, 1931; that it was rejected in July, 1931; that the period elapsing between the filing and the denial exceeded fourteen months; and that a disagreement has existed since July, 1932. There is a manifest conflict in the allegations as to whether the claim was rejected in 1931 or in 1932. No proof was offered to clarify the conflict, but it was stipulated that there was no question as to a disagreement, and we are persuaded that rejection occurred in the latter year. The suit was filed in August, 1932. If the statute was not repealed, the suit came too late because it was instituted more than six years after the right of action accrued and more than one year after the date on which the act was approved, excluding the period during which the claim pended before the Bureau. If the statute was repealed, the domestic law of the state applies, and it provides that an action on contract shall be commenced within six years after the right of action accrued. Section 104-2-22, Revised Statutes of Utah 1933. Excluding the period during which the claim awaited action in the Bureau, the suit was begun long after the permitted time expired. In either circumstance, plaintiff waited too long to institute the suit and that extinguished the remedy. Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128; Lynch v. United States (C.C.A.) 80 F.(2d) 418; United States v. Valndza (C.C.A.) 81 F.(2d) 615; Miller v. United States (D.C.) 57 F.(2d) 889; Henry v. United States (D.C.) 15 F.Supp. 651.

The judgment is reversed, and the cause remanded.