## UNITED STATES v. PASTELL.

### No. 4168.

Circuit Court of Appeals, Fourth Circuit.

Aug. 6, 1937.

576

Fendall Marbury, Sp. Asst. to Atty. Gen., and W. R. Francis, Asst. U. S. Atty., of Waynesville, N. C. (Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., Thos. E. Walsh, Atty., Department of Justice, of Washington, D. C., Marcus Erwin, U. S. Atty., of Asheville, N. C., and William M. Nicholson, Asst. U. S. Atty., of Lincolnton, N. C., on the brief), for appellant.

J. Y. Jordan, Jr., of Asheville, N. C. (R. L. Phillips, of Robbinsville, N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

A. L. Pastell, a veteran of the World War, brought this suit against the United States to recover automatic insurance benefits. The jury found that he became totally and permanently disabled while in the military service of the United States within 120 days after his induction into the army, and judgment against the defendant was accordingly entered. This appeal questions the correctness of the refusal of the District Judge to direct a verdict for the defendant in accordance with a motion based on the grounds (1) that the suit was barred by limitations, and (2) that in any event, the veteran had produced no substantial evidence of total and permanent disability. We confine our discussion to the first point since we are of opinion that the suit against the United States was filed too late under the permissive statutes.

The veteran entered the army October 5, 1917, and on October 31, 1917, in the course of military training, suffered an injury by which, as we shall assume for the purposes of this decision, he became totally and permanently disabled. His claim for insurance was filed with the Veterans' Administration on June 29, 1931, and denied by letter to the veteran on November 15, 1935. This suit was instituted on November 21, 1935. It was then barred under the North Carolina statute of limitations, C. S.N.C. § 445 [see Sligh v. United States, 277 U.S. 582, 48 S.Ct. 600, 72 L.Ed. 998; United States v. Preece (C.C.A.) 85 F.(2d) 952], and was saved only if covered by the federal statutes under which the period for suits of veterans against the United States for war risk insurance has from time to time been enlarged. Consent to sue the government for war risk insurance was first conferred by section 405 of the War Risk Insurance Act of October 6, 1917 (40 Stat. 398, 410); and was also embodied in section 13 of the act as amended by the Act of May 20, 1918 (40 Stat. 555), and carried forward as a part of section 19 of the World War Veterans' Act of June 7, 1924 (43 Stat. 607, 612). The last-mentioned section was subsequently amended by the Act of March 4, 1925, § 2 (43 Stat. 1302), the Act of May 29, 1928, § 1 (45 Stat. 964), and the Act of

July 3, 1930, § 4 (46 Stat. 992 [38 U.S.C.A. § 445]), and was further modified by the Act of June 29, 1936, § 404 (49 Stat. 2034 [38 U. S.C.A. § 445d]).

The amendment contained in the Act of May 29, 1928, consisted in the addition of the following clauses:

"No suit shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made, or within one year from the date of the approval of this amendatory Act, whichever is the later date: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director. * * * No State or other statute of limitations shall be applicable to suits filed under this section. This section shall apply to all suits now pending against the United States under the provisions of this section."

The amendment of July 3, 1930, further extended the time within which specified suits might be brought, and in so far as relevant, provided, "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act [July 3, 1930], whichever is the later date, and no suit on United States Government life (converted) insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made."

This amendment also contained the same provision as the Act of May 29, 1928, relative to the time the right shall be deemed to have accrued, to the suspension of limitations during pendency of claim before the Veterans' Administration, and to the inapplicability of any state or other statute of limitations. See 38 U.S.C.A. § 445.

The amendment of June 29, 1936, contained the following provisions:

"In addition to the suspension of the limitation for the period elapsing between the filing in the Veterans' Administration of the claim under a contract of insurance and the denial thereof by the Administrator of Veterans' Affairs or someone acting in his name, the claimant shall have ninety days from the date of the mailing of notice of such denial within which to file suit. This section is made effective as of July 3, 1930, and shall apply to all suits now pending [on June 29, 1936], against the United States under the provisions of Section 19, World War Veterans' Act, 1924, as amended [section 445 of this title]."

We rejected the contention of the United States that automatic war risk insurance was repealed by section 17 of the Economy Act of March 20, 1933 (48 Stat. 11, 38 U.S. C.A. § 717), in United States v. Jackson, 89 F.(2d) 572; and we must therefore consider the defense in the pending case that the suit instituted on November 21, 1935, was barred by limitations. It is manifest that it was filed too late to take advantage of the Act of May 29, 1928, under which the latest date was May 29, 1929. But it was filed within the time specified by the subsequent acts, because the Act of July 3, 1930, authorized suit if filed on or before July 3, 1931, plus the period of pendency of claim before the Veterans' Administration amounting in this case to 4 years, 4 months, and 16 days; so that under this act, the claimant had until November 19, 1935, to file suit; but the Act of June 29, 1936, gave the claimant in addition a period of ninety days from November 15, 1935, the date of the mailing of notice of denial of the claim, that is, until February 13, 1936, within which to bring suit. The suit was actually filed on November 21, 1935."

But we are in accord with the view expressed by the Circuit Court of Appeals for the Tenth Circuit in United States v. Preece, 85 F.(2d) 952, where it was held that the benefits of the Act of July 3, 1930, were confined to yearly renewable term insurance and converted insurance, and no provision was made for the further extension of the period of limitations governing suits for automatic insurance. It will have been noticed that the terms of the Act of May 29, 1928, are sufficiently broad to cover all forms of war risk insurance, but the Act of July 3, 1930, expressly mentioned yearly renewable term insurance and United States government life (converted) insurance, but omits all mention of automatic insurance; and we are forced to conclude, as did the court in the cited case, that the omission was significant, especially in view of the established rule that the United States can be sued only with its consent, and even when consent is given, the courts are not

free to ignore the accompanying conditions or restrictions so as to extend it beyond the plain language of the grant. It follows that unless the references to term insurance and converted insurance in the act may be fairly interpreted to include automatic insurance, the period for suit against the United States, based on claims for automatic insurance, was not enlarged. In our opinion such an interpretation is not permissible, for Congress in its treatment of the general subject of war risk insurance has itself established distinctions between the three kinds of risks.

War risk life insurance was originally created by the Act of October 6, 1917 (40 Stat. 398, 409), whereof section 400 provided that the United States, upon application of any officer or enlisted man in active service under the War Department or Navy Department, would grant insurance against death or total permanent disability in sums not less than $1000 nor more more than $10,000 upon the payment of premiums. Section 401 provided that such insurance must be applied for within 120 days after entrance into active service except that persons in active war service at the time might apply within 120 days after the publication of the terms of the contract. The same section created what Congress has since denominated automatic insurance by providing that any person in the active service after April 6, 1917, who died or became totally and permanently disabled within the period of 120 days after such publication without having applied for insurance, should be deemed to have applied and to have been granted insurance payable during his life in monthly installments of $25 each; with further provision, in case of his death, for payment of such installments for 240 months to his surviving widow, child, or widowed mother. Section 402 provided a different and more numerous set of beneficiaries of the insurance granted to those who actually applied for contracts under the terms of the act. Section 403 (40 Stat. 410) provided that the premium rates should be the net rates based upon the American Experience Table of Mortality and interest at 3½ per cent. per annum. Section 404 provided that during the period of the war and thereafter until converted, this insurance should be term insurance for successive terms of 1 year each; and that not later than 5 years after the termination of the war the term insurance should be converted into such forms of insurance as might be

prescribed by the regulations and requested by the insured, and it was directed that the regulations should provide for the right to convert into ordinary life, 20-payment life and other usual forms of insurance. Thus it would appear that at the very beginning of the business, Congress recognized and established the three kinds of insurance and distinguished automatic insurance from the other kinds in that no premiums were required, the benefits were limited to $25 per month for 240 months and the beneficiaries confined to a more limited class.

By the Act of June 25, 1918, § 19 (40 Stat. 609, 614), section 401 of the War Risk Insurance Act was amended so as to change the permissible beneficiaries of automatic insurance and to include therein the widow, the children, the mother, and father in a certain order; but the list of these beneficiaries was still more limited than those permissible under the form of yearly renewable term insurance.

Distinctions were also made by Congress as to the periods within which term insurance and automatic insurance were made available to men in the active service. Thus it was provided by the Public Resolution of February 12, 1918 (40 Stat. 438), that the time within which an application for insurance might be made under section 401 of the War Risk Insurance Act should be extended with respect to every person in the active war service up to and including the 12th day of April, 1918; but it was expressly provided that nothing in the resolution should be construed to effect an extension of the "automatic insurance"[1] provided for in section 401 of the War Risk Insurance Act beyond February 12, 1918.

A further extension was granted by the amendatory act of December 24, 1919, § 12 (41 Stat. 371, 374), whereby section 401 of the War Risk Insurance Act was amended so that any persons in the actual service after April 6, 1917, and before November 11, 1918, who made application more than 120 days after October 15, 1917, or more than 120 days after entrance into the actual service, should be deemed to have made legal application for the insurance; and that any person in the active service after April 6, 1917, and before November 11, 1918, who within 120 days after October 15, 1917, or 120 days after entrance into active service died or became totally and permanently disabled without having applied for insurance,

---

[1] So called in the act.

should be granted automatic insurance. The contrast between the beneficiaries of automatic insurance and the beneficiaries of term insurance is also shown by the amendments to sections 401 and 402 of the War Risk Insurance Act included in this act of December 24, 1919 (sections 12, 13).

The conversion of yearly renewable term insurance into insurance of other forms was provided for by the Act of June 7, 1924 (43 Stat. 607, 624), amending section 301 to provide that not later than July 2, 1926, all term insurance held by persons who were in the military service after April 6, 1917, should be converted into such form as might be prescribed by the regulations and as the insured might request. Similar provision was made by the Act of March 4, 1925, § 13 (43 Stat. 1302, 1309). Later it was provided by the Act of June 2, 1926 (44 Stat. 686 [38 U.S.C.A. § 512]), that all yearly term renewable insurance should be converted not later than July 2, 1927, with permission to the director to extend the period for conversion in certain cases.

The deliberate intention to create three several forms of insurance and to distinguish between the rights and obligations of the parties to the different contracts is manifest in these acts. When therefore Congress specifically conferred the privileges of the Act of July 3, 1930, upon two of the classes and omitted mention of the third, we are led to believe that the omission was intentional. The terms descriptive of the specified classes are so definite that we cannot construe them so broadly as to include automatic insurance. The latter is clearly not yearly renewable term insurance for the death or disability which brings it into being at the same time instantly matures it, and it does not run for a year or any other term. Nor does it constitute any form of converted insurance which runs for life or for a specified period and was designed by Congress to take the place of the term insurance which was current on the conversion date. Conversion of automatic insurance, already matured, was never contemplated.

The Act of June 29, 1936 (49 Stat. 2031, 2034), section 404 (38 U.S.C.A. § 445d), did not alter the situation in this respect. It merely made certain that the insured should have a period of at least ninety days from the date of the mailing of the notice of denial for the bringing of his suit. The act was expressly made effective as of July 3, 1930, and applicable to suits pending under the provisions of section 19 of the World War Veterans' Act of 1924, as amended by prior acts, to wit, the act of March 4, 1925, the Act of May 29, 1928, and the Act of July 3, 1930, supra. The Act of June 29, 1936, must therefore be read in connection with the Act of July 3, 1930, from which, as it appears to us, all provision for the further extension of the period of limitations with regard to automatic insurance was purposely omitted. See Dowell v. United States (C.C.A.) 86 F.(2d) 120.

Reversed.