## FANELLO v. UNITED STATES.
### No. 6762.

District Court, D. Massachusetts.
Sept. 21, 1939.

William M. Quade and Eugene O. Turcotte, both of Gardner, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and Timothy A. Curtin, Asst. U. S. Atty., both of Boston, Mass.

FORD, District Judge.

This is a suit under a war risk insurance policy which was issued to the plaintiff in the sum of $10,000 on June 5, 1918. The policy had lapsed for non-payment of premium due September 1, 1919, and with the grace period was in force and effect until October 1, 1919. Claim for permanent and total disability benefits under said policy was made on June 29, 1931, and received by the United States Veterans' Bureau on July 1, 1931. On January 27, 1936, the Insurance Claims Council of the United States Veterans' Bureau denied the claim and on the same day notified counsel for the insured of its decision, and also on this date notified the plaintiff of its action by registered mail. On July 6, 1936, the plaintiff commenced suit against the United States under the provisions of the World War Veterans' Act, as amended by the Act of July 3, 1930, 38 U.S.C.A. § 445, and as later amended by the Act approved June 29, 1936, 38 U.S.C.A. § 445d.

The defendant filed a motion to dismiss alleging the petition was not filed within the time limit as provided in the above stated provisions of the statute and consequently the court had no jurisdiction of the action. Neither the plaintiff nor his counsel appeared at the hearing on this motion.

This suit involves a question of this court's jurisdiction which must be found within the letter of the consent granted by Congress to veterans of the World War to bring suit on war risk insurance policies of the type here in question. Unless the veteran has brought suit within the time limitation expressed therein, it follows that this court is without jurisdiction and the motion to dismiss must be allowed. Reid v. United States, 211 U.S. 529, 29 S.Ct. 171, 53 L.Ed. 313; Schillinger et al. v. United States, 155 U.S. 163, 15 S.Ct. 85, 39 L. Ed. 108; United States v. Pastell, 4 Cir., 91 F.2d 575, 578, 112 A.L.R. 1125; Munro v. United States, 2 Cir., 89 F.2d 614.

The language in 38 U.S.C.A. § 445, as amended, applicable to the present suit, is as follows: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought * * * within one year after July 3, 1930 * * * Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs." And in Section 445d: "In addition * * * the claimant shall have ninety days from the date of the mailing of notice of such denial within which to file suit. This section is made effective as of July 3, 1930, * * *."

It is plain from reading the above that before the passage of the amendment of

486

June 29, 1936, 38 U.S.C.A. § 445d, in accordance with the provisions of the Act of July 3, 1930, allowing suit to be brought within one year after July 3, 1930 (the claim in this case having been received by the Bureau on July 1, 1931), and suspending this limitation of one year for the period elapsing between the filing with the Veterans' Administration of the claim sued upon and the denial of the claim, but three days remained to the veteran within which to bring his suit. This is evident from a construction of that portion of the statute which merely suspended the running of the limitation of one year from the time the claim was filed until it was denied, at which latter time the limitation again resumed and ran for the remainder of the year. In order to correct a hardship that might ensue in just such a case as the present one, where only a few days remained in which to bring suit, Congress provided in the amendment of June 29, 1936 that the claimant should have a *minimum* period of ninety days from the date of the mailing of the notice of denial to bring a suit. It is perfectly obvious that Congress allowed this extended period in a case of this kind in order that the veteran might have a reasonable opportunity to become organized and file his suit. However, in this case that period of ninety days expired on April 26, 1936, the notice of denial having been mailed by the Bureau on January 27, 1936. Thus, when suit was actually brought on July 6, 1936, it was too late to give this court jurisdiction.

Motion to dismiss is allowed without costs.