**BANDY et al. v. UNITED STATES.**

No. 163.

District Court, E. D. Tennessee, S. D.

July 5, 1940.

H. L. Barger, of Chattanooga, Tenn., for plaintiff.

Richard N. Ivins, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

This is a suit to recover on an insurance policy issued to a World War veteran who is now deceased. The defendant has interposed a motion to dismiss the action because the suit was not brought within the time limit provided by law.

The proof is submitted by a stipulation admitting for consideration the correspondence between the claimants and the governmental agents. The events material to the question as disclosed by the pleadings and the correspondence are chronologically as follows:

November 17, 1917. Insurance policy number 388, 865 for $5,000 was issued to John H. Bandy, the deceased veteran.

July 22, 1919. The veteran was discharged from the service.

December 1, 1919. Premium was paid on the policy to this date.

April 30, 1920. Veteran died.

April 30, 1923. The mother of the deceased, the beneficiary in said policy, addressed a letter to "Bureau of War Risk Insurance", in which she stated that her son had died on the date above indicated and that the attending physician said he died of tuberculosis contracted while in service in France. She made a request for proper blanks to make claim for compensation.

May 10, 1923. A letter from Charles E. Mulhearn, Assistant Director, Claims Division, to Mrs. Bandy sending her a proper blank upon which to make application for compensation.

June 9, 1923. The application of Mrs. Bandy for compensation.

July 2, 1923. A letter on the stationery of Veterans' Bureau from Charles E. Mulhearn, Assistant Director, Claims Division, to Mrs. Susan Jane Bandy on regular form disallowing claim for insurance on account of death of John E. Bandy, for the reason the insurance had lapsed at the time of the death of the insured on account of the nonpayment of the premiums.

August 4, 1923. A letter from the same official to Mrs. Bandy acknowledging letter of July 25, 1923 "regarding the above captioned claim for compensation (and insurance)".

May 14, 1926. A letter to U. S. Veterans' Bureau from T. E. Bandy, Administrator, Estate of Susan Jane Bandy, giving notice of the death of Mrs. Bandy and asking " * * * what is due her from the government as regards the above mentioned claims * * *". The claims referred to are in the caption as follows: "Re: Bandy, J. E., C 633 425 and A–3 601 727." The first number mentioned is the claim number relative to compensation and the second

number is relative to adjusted compensation.

May 29, 1926. A letter from Charles E. Mulhearn to T. E. Bandy in response to the last above-mentioned letter in which it sets out certain accrued compensation due Mrs. Bandy and further says, "this accrued death compensation is the only benefit due the deceased, Susan Bandy, from this Bureau".

June 5, 1926. A letter from the same official to T. E. Bandy further answering letter from Bandy to the department relative to the adjusted compensation and explaining that no adjusted service credit was payable to heirs or legal representatives.

July 17, 1936. A letter from D. H. Bandy to the U. S. Veterans' Bureau stating that he is a brother of the deceased veteran and setting out some history as to compensation, etc., paid to his mother, and relative to insurance says this, "my brother's discharges shows physical condition to have been good at the time of his discharge, however, he was under continuous care of a physician until his death, less than a year after his discharge, this being the case his insurance I believe should have been kept in force as he was unable to work at any time, any information you can give me along this line will be appreciated".

August 13, 1936. A letter from H. L. McCoy, Director of Insurance, to D. H. Bandy in explanation of adjusted compensation. No reference to insurance.

August 22, 1936. A letter from the same official to the same addressee relative to death compensation. No reference to insurance.

August 22, 1936. A letter from D. H. Bandy to U. S. Veterans' Bureau discussing other matters mentioned, and stating "John E. Bandy was not in good health at the time of discharge, July 22, 1919, and his insurance was paid monthly until December 1, 1919". The letter asks for all information concerning the matters written about as soon as possible.

September 18, 1936. A letter from H. L. McCoy, Director of Insurance, to D. H. Bandy making explanation of the inquiries made in the last-mentioned letter and relative to insurance stating, "The insurance granted the veteran was in a state of lapsation due to the fact that he failed to pay insurance premiums after August 1, 1919, and therefore no insurance was in force at the time of his death".

July 20, 1938. A letter and petition from H. L. Barger, Attorney for D. H. Bandy, in which a claim for the insurance on the life of John E. Bandy was made and reference is made to correspondence above disclosed.

September 7, 1938. D. H. Bandy, Administrator of the Estate of John E. Bandy, filed a regular form application as a claim for the insurance upon the life of John E. Bandy.

February 26, 1940. Final action of the Board of Veterans' Appeals in affirming the decision that the claim should be disallowed.

The plaintiff claims the suit is brought within the time limit by reason of the provision in the World War Veterans' Act which allows one year from the approval of the act, counting out the period elapsing between the filing in the Bureau of the claim sued upon and the denial of said claim by the Director. Section 19, World War Veterans' Act, 1924, as amended by Section 4 of the Act of July 3, 1930, c. 849, 46 Stat. 992, U.S.C., Tit. 38, § 445, 38 U. S.C.A. § 445.

As I understand, the plaintiff's contentions are twofold,

(1) That a claim for this insurance was made by Susan Jane Bandy in 1923 and that the same has been pending until finally denied by the Board of Veterans' Appeals on February 26, 1940. That the denial of the claim by Charles E. Mulhearn, Assistant Director, Claims Division, was not an official denial as provided by law.

(2) That if the claim were denied in 1923 by Charles E. Mulhearn, Assistant Director, Claims Division, the claim was kept open as disclosed by the correspondence and was being considered by the Bureau until final denial February 26, 1940.

■ It is well to have in mind at the outset that the institution of an action on a war risk insurance contract within time limited by the statute is a jurisdictional condition precedent which may neither be waived nor abrogated by estoppel. Lynch v. United States, 5 Cir., December 1935, 80 F.2d 418. Rehearing denied January 1936, certiorari denied 298 U.S. 658, 56 S.Ct. 683, 80 L.Ed. 1384.

■ It is my opinion that the letter from Susan Jane Bandy dated April 30, 1923, referred to above, was not a claim for a payment of war risk insurance, taken

by itself. But the letter to Mrs. Bandy from Charles E. Mulhearn, Assistant Director, Claims Division, dated May 10, 1923, was a plain statement disallowing the insurance. This letter was not in the government file but was furnished by the plaintiff. Under these conditions, I think that it is fair to infer that a claim was made and disallowed by this letter.

This claim was made when the World War Veterans' Act of 1924 was in effect. Section 19 of this Act (38 U.S.C.A. § 445, note) provides that a disagreement to a claim is "between the bureau and any beneficiary or beneficiaries". Section 5 of the Act (38 U.S.C.A. § 426) provides that all officers and employees of the Bureau shall perform duties as assigned by the Director and that their action shall have the same force and effect as though performed by the Director in person.

■ Nothing else appearing, I am confident that the presumption would be that the Assistant Director was designated for the duty he performed.

Under the World War Veterans' Act of 1924, prior to the amendment, all the courts held that any denial of a claim, even though the denial were made by the humblest clerk in the Veterans' Bureau, was a ground on which the plaintiff could predicate a disagreement giving the court jurisdiction. Mara v. United States, D.C.S.D. N.Y., December 1932, 54 F.2d 397.

Upon the above reasoning, I am of the opinion that there was a disagreement between the Bureau and the beneficiary in 1923.

The next question to determine is whether the Bureau reopened the claim and continued its consideration up to final denial in February, 1940.

In the correspondence in 1926 by T. E. Bandy with the Bureau, I find no reference to insurance directly or by implication. In the correspondence by D. H. Bandy with the Bureau in 1936 I find an inquiry about insurance and a statement by the Bureau that the same had lapsed in 1919. There is no reference to any pending claim by Mr. Bandy or by the Bureau.

■ Mere inquiries as to veterans' insurance do not constitute a claim, nor a request for a continuation for consideration of a claim, where no demand is made and no denial in response. United States v. Primilton et al., 5 Cir., March 1935, 76 F.2d 555.

In 1938, D. H. Bandy by informal petition made a claim for payment of this insurance, making the statement that Mrs. Susan Jane Bandy some time previous to 1923 had made claim for the insurance and it was disallowed on July 2, 1923. In the formal claim by D. H. Bandy made in 1938 there was no reference to any claim having been made theretofore.

Nowhere in the record do I find any claim for insurance made by the administrator of the estate of the beneficiary.

■ It is my judgment that the record fails to show a continued consideration of this claim for insurance on the part of the Veterans' Administration, or its predecessor. The only indication that the Bureau might have been considering this claim is that the claim filed in 1938 was considered and passed upon. I think that this is not proof that the claim had been under consideration for the reason that the administration agency may consider a claim at any time, and is not governed by the time limitation which is an element in permitting the United States to be sued in the courts.

■ My judgment is that when a claim of this character is considered or reopened after the time limit has expired, counting from the disagreement, the jurisdiction of the court has already expired and cannot be again set up.

■ It is my opinion that the Veterans' Administration considered the claim made in 1938 as a new claim and gave it consideration as to whether it had any merit, not being circumscribed by any time limit. But even if it be considered that the claim was reopened in 1938, this is too late to get the court's jurisdiction, it not being continued consideration of a claim filed within time.

This character of case is different from those where a claim is reopened before the time limit has expired and continues under consideration until after the time limit has expired. In this kind of cases the beneficiary is led to believe that the claim might be favorably considered and the time limit would pass while the beneficiary was under such impression. Under such circumstances there would be no final disagreement until final action after consideration.

But if the beneficiary does not bring action within the time limit, and thereafter, the case is reopened for further considera-

756

tion, jurisdiction of the courts is terminated. The beneficiary is not harmed by this construction of the statute because there has been no information from the Veterans' Administration that may be misleading.

To hold otherwise would perhaps result in the Veterans' Administration declining to reopen any case that may be presented. Doubtless this position would be taken on the ground that the government would be involved in extended litigation relative to claims without merit. On the other hand, if the claim is not reopened and considered by the Veterans' Administration then many claimants might be done an injustice.

It is my judgment that this court has no jurisdiction in this case.

The motion will be sustained and the case dismissed.

Order accordingly.