## WEITLAUF v. UNITED STATES.
### No. 7486.

United States Court of Appeals for the District of Columbia.

Decided Feb. 10, 1941.

Writ of Certiorari Denied June 2, 1941.

See 61 S.Ct. 1117, 85 L.Ed. ——.

Jordan R. Bentley, of Washington D. C., for appellant.

Edward M. Curran, U. S. Atty., and Thomas E. Walsh, Principal Atty., both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

MILLER, Associate Justice.

This appeal is based upon a claim for benefits, under Section 401 of the War Risk Insurance Act,[1] on account of total permanent disability, suffered while serving in the military forces of the United States between July 21, 1918, and July 29, 1918. The lower court set aside a judgment based upon a verdict in favor of appellant, and dismissed the action on the ground that the claim was not filed within the time required by law.

The Act of May 29, 1928,[2] provided that: "No suit shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made, or within one year from the date of the approval of this amendatory Act, whichever is the later date: *Provided,* That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: *Provided further,* That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director."

Appellant's claim was filed on June 24, 1931, more than six years after the right accrued and more than one year after the date of approval of the 1928 Act. If the case is controlled by that Act, therefore, the suit was barred on and after May 29, 1929.

---

[1] The War Risk Insurance Act was first enacted October 6, 1917, 40 Stat. 409. Section 19 of the Act of June 25, 1918, 40 Stat. 614, amended Section 401 so as to enlarge the list of permissible beneficiaries. The Act of February 12, 1918, 40 Stat. 438, granted an extension of time to apply for war risk insurance but limited automatic insurance up to February 12, 1918. Appellant relies particularly on the Act of December 24, 1919, 41 Stat. 374–375, which extended the period for automatic insurance protection to November 11, 1918.

[2] 45 Stat. 964.

Appellant contends that the 1928 Act is not applicable. He relies, instead, upon the Act of July 3, 1930;[3] not, however, because his claim was filed within the one-year period of limitation specified in Section 19 thereof, or on the theory that the automatic insurance provided by Section 401 of the War Risk Insurance Act constitutes either yearly renewable term insurance[4] or United States Government life (converted) insurance. Indeed, he expressly disclaims such a theory. His contention is that Section 19 of the 1930 Act "gave the right or consent to suit on all claims for insurance including automatic insurance and that it contains no time limit for automatic insurance suits, but only places a time limit on yearly renewable term insurance and United States Government life (converted) insurance." Such a result is opposed to long established policy,[5] as well as the policy of the 1930 Act.[6]

We agree with the decisions in United States v. Preece,[7] United States v. Pastell,[8] and Miller v. United States,[9] that the Act of July 3, 1930, has no such effect. In the Preece case the court said of that Act: "It will be noted that in departure from the earlier statute the provision is textually confined to yearly renewable term insurance and converted insurance. Automatic insurance is neither renewable term insurance nor converted insurance. It can-

not become effective unless the soldier dies or becomes totally and permanently disabled. In either event, it is a matured claim at the time it is issued; and it cannot be renewed or converted. It must be presumed that the Congress had these distinguishing attributes in mind at the time the statute was enacted. The material change in language can be given no other rational effect than a considered legislative intent to confine the newly fixed time to yearly renewable term insurance and converted insurance and to exclude all other kinds. A contrary conclusion would do violence to recognized rules of statutory construction. Accordingly, automatic insurance does not come within the extended period provided by that act." In the Pastell case the court said: "It follows that unless the references to term insurance and converted insurance in the act may be fairly interpreted to include automatic insurance, the period for suit against the United States, based on claims for automatic insurance, was not enlarged. In our opinion such an interpretation is not permissible, for Congress in its treatment of the general subject of war risk insurance has itself established distinctions between the three kinds of risks."

This language is equally applicable in the present case and equally conclusive as to appellant's contention.

Affirmed.

---

[3] 46 Stat. 992–993: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act, whichever is the later date, and no suit on United States Government life (converted) insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made: * * * No State or other statute of limitations shall be applicable to suits filed under this section." 38 U.S.C.A. § 445.

[4] Cf. the dissenting opinion in Miller v. United States, 7 Cir., 114 F.2d 267, 270, 271.

[5] Cf. Campbell v. Haverhill, 155 U.S. 610, 616, 15 S.Ct. 217, 39 L.Ed. 280; Craig v. United States, 10 Cir., 89 F.2d 586, 590, 591. Cf. also, Guaranty Trust Co. v. United States, 304 U.S. 126, 136, 58 S.Ct. 785, 82 L.Ed. 1224.

[6] United States v. Towery, 306 U.S. 324, 330, 331, 59 S.Ct. 522, 83 L.Ed. 678.

[7] 10 Cir., 85 F.2d 952, 953, 954, certiorari denied, 300 U.S. 660, 57 S.Ct. 436, 81 L.Ed. 869.

[8] 4 Cir., 91 F.2d 575, 578, 112 A.L.R. 1125.

[9] 7 Cir., 114 F.2d 267.