## UNITED STATES *v.* JACKSON.

No. 199. Argued January 5, 6, 1938.—Decided January 17, 1938.

*Mr. Fendall Marbury,* with whom *Solicitor General Reed,* and *Messrs. Julius C. Martin, Wilbur C. Pickett* and *W. Marvin Smith* were on the brief, for the United States.

*Messrs. R. K. Wise* and *Warren E. Miller* for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

The question is whether the Economy Act[1] repealed § 401 of the War Risk Insurance Act[2] and thereby deprived veterans and their beneficiaries of "automatic insurance."

---

[1] Sec. 17, Act of March 20, 1933, c. 3, 48 Stat. 11: "All public laws granting medical or hospital treatment, domiciliary care, compensation, and *other allowances,* pension, disability allowance, or retirement pay to veterans and the dependents of veterans of . . . the World War, . . . are hereby repealed, and all laws granting or *pertaining to yearly renewable term insurance* are hereby repealed, but payments in accordance with such laws shall continue to the last day of the third calendar month following the month during which this Act is enacted. . . ." [Italics added.]

[2] Sec. 401 of the War Risk Insurance Act as amended Dec. 24, 1919, c. 16, 41 Stat. 371, 375: ". . . Any person in the active service on or after the 6th day of April, 1917, and before the 11th day of November, 1918, who, while in such service, and before the expira-

In this suit, brought by the son of a soldier who died in service, both the district court[3] and the Court of Appeals[4] were of the opinion that the Economy Act did not terminate the rights of a beneficiary of automatic insurance. We granted certiorari limiting consideration to the question of the repeal of the law providing automatic insurance.[5]

During the World War, it was the policy of the Government to allow soldiers one hundred and twenty days after enlistment or drafting within which to apply for and purchase insurance. For this period, it was intended that they be protected as though they had bought government insurance. In furtherance of this policy, Congress provided that all veterans, who died or became totally and permanently disabled within one hundred and twenty days after their entrance into active service, should be automatically "deemed to have applied for and to have been granted insurance."

It is here contended that the words of the Economy Act repealing "other allowances" and "laws . . . pertaining to yearly renewable term insurance" are broad enough to include a repeal of automatic insurance. With this contention we cannot agree.

---

tion of one hundred and twenty days after October 15, 1917, or one hundred and twenty days after entrance into or employment in the active service, becomes or has become totally and permanently disabled, or dies or has died, without having applied for insurance, shall be deemed to have applied for and to have been granted insurance, payable to such person during his life in monthly installments of $25 each; . . . If he shall die either before he shall have received any of such monthly installments or before he shall have received two hundred and forty of such monthly installments, then $25 per month shall be paid to . . . his child . . .: *Provided, however,* That no more than two hundred and forty of such monthly installments, . . . shall be so paid."

[3] 14 F. Supp. 132.

[4] 89 F. (2d) 572.

[5] 302 U. S. 673.

Repeals by implication are not favored. A law is not to be construed as impliedly repealing a prior law unless no other reasonable construction can be applied.[6]

While the Economy Act explicitly repealed all laws which granted ". . . medical or hospital treatment, domiciliary care, compensation and other allowances, pension, disability allowance, . . . retirement pay . . . and all laws granting or pertaining to yearly renewable term insurance . . .," Congress did not include "automatic insurance" in this detailed list of benefits repealed.

The words "other allowances" have a well settled meaning. "Allowances" in veterans' legislation, in the Veterans' Bureau and in Army terminology[7] has never been considered synonymous with, or inclusive of, automatic insurance; this word ordinarily refers to extra and special items (in addition to regular compensation) such as nurse hire, training pay, and "travel pay and allowances."[8]

The words "all laws *granting* or *pertaining* to yearly renewable term insurance" refer only to laws which are enactments upon the subject of yearly renewable term insurance. Section 401 did not grant yearly renewable term insurance nor is it an enactment upon that subject. It provided for those soldiers who died in service before they had an opportunity to purchase yearly renewable term insurance or any other type of insurance. This law, therefore, did not pertain to yearly renewable term in-

---

[6] *United States* v. *Yuginovich,* 256 U. S. 450; *United States* v. *Noce,* 268 U. S. 613; see, *Cope* v. *Cope,* 137 U. S. 682.

[7] See, as to meaning of "allowances," *Jones* v. *United States,* 60 Ct. Cls. 552, 567; *United States* v. *Landers,* 92 U. S. 77.

[8] An illustration of the meaning of "allowances" appears in that Section (17) of the Economy Act which is relied upon as the repeal, to wit: "That, subject to such regulations as the President may prescribe, *allowances may be granted for burial and funeral expenses and transportation of the bodies* (*including preparation of the bodies*) *of deceased veterans of any war to the places of burial thereof in a sum not to exceed $107 in any one case.*"

surance but to protection for soldiers who never had and never could obtain yearly renewable term insurance.

It is to be remembered that automatic insurance applied to that particular group of American soldiers who either were killed, died, or became wholly and permanently incapacitated before they had a reasonable opportunity to obtain insurance of any kind. It may be that Congress did not believe it proper to economize at the expense of those veterans who came out of the Army with health completely destroyed or to the detriment of the beneficiaries of soldiers who lost their lives in service without a reasonable opportunity to apply for insurance.

Certainly the reason which prompted the passage of the express provisions of § 401 is such that, in the absence of subsequent legislation equally express, they are not overthrown by mere inference or implication.[9] Only clear and unequivocal language would justify a conclusion that benefits, provided by a grateful government because of death and permanent incapacity of its soldiers, are to be wholly withdrawn for reasons of economy. Special provisions benefiting either soldiers who became incurably helpless in the Army or the dependents of soldiers who died or were killed in the service of their country cannot justifiably be repealed by implication.[10] There is no irreconcilable conflict between § 401 and the Economy Act and effect can reasonably be given to both.[11] The judgment of the Court of Appeals is therefore

*Affirmed.*

MR. JUSTICE CARDOZO took no part in the consideration or decision of this case.

---

[9] *Rosencrans* v. *United States,* 165 U. S. 257.

[10] Cf. *United States* v. *Greathouse,* 166 U. S. 601.

[11] Cf. *Washington* v. *Miller,* 235 U. S. 422, 428; see, also, *Posadas* v. *National City Bank,* 296 U. S. 503 *et seq.*