## MILLER v. UNITED STATES.
### No. 389-D.

District Court, E. D. Illinois.

Oct. 25, 1938.

Eugene Bland, of Shelbyville, Ill., for plaintiff.

William M. Lytle, of Chicago, Ill., Bureau of War Risk Insurance, and Carl W. Feickert, of East St. Louis, Ill., Asst. U. S. Atty., for the United States.

LINDLEY, District Judge.

Plaintiff enlisted voluntarily in the United States Army on July 10, 1917, remaining in the service until December 20, 1917 when he was discharged. He made no application for insurance, received no policy and paid no premiums, but claims to have been totally and permanently disabled while in service and to be entitled, therefore, to recover automatic insurance as provided by the Act of Congress of October 6, 1917, 40 Stat. 398, as amended.

Plaintiff's claim for benefits for such insurance, filed June 11, 1931, was denied November 8, 1932. He filed suit on November 14, 1932.

Plaintiff's A-G-O record shows at the time of his discharge because of goitre, exophthalmic, dyspnoea and general weakness, he was incapable of performing the duties of a soldier. The other evidence can be reconciled with only one conclusion,— that he was at the time of his discharge, totally and permanently disabled. Recognizing this, the government has paid him something like $19,000 in compensation. True, the evidence indicates that he was congenitally nervous, and, as a physician for the government testified, incapable of meeting successfully and solving the problems of life, and that under proper treatment in proper institutions, he might have been able to do some light casual work. But it is undisputed that he is neurasthenic; affected by a very pronounced

shaking of his head and hands; writes his name with great difficulty and is absolutely incapable of sustained effort physically or mentally. Moreover, this condition existed at the time of his discharge. Obviously, with the wisdom gained from past history, we can safely say he should not have been accepted as a soldier. But the evidence is conclusive that the sustained effort required in military drilling even for a few weeks brought about an accentuation of his constitutional defects and diseases, and caused to progress rapidly his disability, making it total and permanent.

However, a serious question arises as to his right to recover. At the time of trial he sought recovery of only such installments as have accrued subsequent to six years preceding the date of filing his claim on June 11, 1931, namely, such installments as have accrued since June 11, 1925, but in his brief filed since then he insists that he recover for all installments maturing since 1917. The government claims, however, that he is barred from right to recover any of the installments.

The original provision for the payment of automatic insurance was enacted October 6, 1917, in Section 401 of the War Risk Insurance Act, '(40 Stat. 409) under which, after providing for contracts of insurance, Congress declared that any person in the active service who, after the sixth day of April, 1917, while in such service and before the expiration of 120 days from and after the date of enactment, should become totally disabled or die, without having applied for insurance, should be deemed to have applied for and to have been granted such insurance, payable in monthly installments, and in case of his death, to his wife, children or widowed mother, provided, however, that not more than 240 of such monthly installments should be paid. On June 25, 1918, an amendment, 40 Stat. 614 (Sec. 401, as am.) added to the previously designated beneficiaries, the soldier's father.

This legislation remained a part of the War Risk Insurance Act until omitted from the Act of June 7, 1924, 43 Stat. 607. In the latter mentioned Act, Sections 600 and 601 repealed a large part of the War Risk Insurance Act, but it was provided in Section 602, 38 U.S.C.A. § 571, that such repeal would not affect any right or liability accrued but that such should continue and be enforced in the same manner as if the repeal had not been made. Section 604, 38 U.S.C.A. § 573, provided that all suits for causes arising or acts done prior to said repeal, should be commenced and prosecuted at the same time and in the same manner "as if said repeal had not been made."

At the time of the original enactment it was provided in Section 405 that the government might be sued under certain specified conditions and this provision was retained in Section 13 of the later act by the amendment of May 20, 1918 and in Section 19 of the act of June 7, 1924, 38 U.S.C.A. § 445 note. The latter section was subsequently amended by the act of March 4, 1925, the act of May 29, 1928 and the act of July 3, 1930, 38 U.S.C.A. § 445. The amendment of the act of May 29, 1928, 45 Stat. 964, provided that no suit should be allowed unless it should be brought within six years after the right accrued for which the claim was made or within one year from the date of the approval of the amendatory act, whichever should be the later date, with a provision for extension of the period by the time during which a claim should be pending. The later act of July 3, 1930, 38 U.S.C.A. § 445, extended further the time within which suits might be brought, saying that "no suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made." This later act included the same provision as the act of May 29, 1928, relative to the time when rights shall be deemed to have accrued.

Plaintiff's cause of action arose in 1917. He filed his claim June 11, 1931 for all installments accruing after he became totally and permanently disabled. He explains his failure to file a claim earlier by his lack of knowledge of the provision in the act of Congress for automatic insurance, and testifies that he had no knowledge thereof until his first consultation with his counsel in June, 1931, and that immediately after such conference, his claim was prepared and filed.

Under the act of 1928, it seems apparent, plaintiff was entitled to bring suit upon a cause of action accruing within six years of the time in which he asserted his right, and the government insists that by the failure upon the part of Congress to include automatic insurance in the act of 1930, it thereby excluded future actions for automatic insurance within the time provided in the act. The government relies

upon three cases: United States v. Howard Preece, 10 Cir., 85 F.2d 952; United States v. Pastell, 4 Cir., 91 F.2d 575, 112 A.L.R. 1125; United States v. Oliver, 6 Cir., 86 F.2d 1018. In each of these cases the court held that automatic insurance is neither renewable term insurance nor converted insurance, and can become effective only if the soldier dies or becomes totally and permanently disabled within the time mentioned, in which event it is automatically a matured claim at the time it is issued and cannot be renewed or converted; that the act of Congress extending the time within which suits could be brought against the United States on renewable term insurance and converted insurance excluded suits for automatic insurance and that where a right of action accrued in 1917 and suit was not filed until August, 1932, after the claim was presented to the Board in 1931 and rejected in 1932, plaintiff could not recover. With those decisions, so far as they go, I do not disagree. In other words, the plaintiff, if he had a right of action under the act of 1928, could not maintain a suit for installments accruing automatically upon the occurrence of his total and permanent disability while in service more than six years prior to the date on which he filed his claim. This holding results, not from the theory that the act of 1930 repealed the act of 1928 but upon the theory that action under the act of 1928 was preserved; that though the cause of action recognized by the act of 1928 persists, the accrual being previous to the period of six years before the filing of the claim, the action is barred.

But in none of these cases was the specific question presented as to the right of plaintiff to maintain an action for the installments accruing after a date six years prior to the filing of his claim.

The act of 1930 did not repeal the act of 1928. The failure on the part of Congress to mention rights of action for automatic insurance does not necessarily indicate that it intended to repeal the act of 1928 which recognized rights of action for automatic insurance to the extent same were preserved by the act of 1928. In order to say that the act of 1928 was repealed, we must hold that Congress did so by implication. But repeals by implications are not favored, and a law is not to be construed as impliedly repealing a prior act unless no other reasonable construction can be applied. United States v. Jackson, 302 U.S. 628, 58 S.Ct. 390, 82 L.Ed. 488. I find nothing in the legislation impelling any construction that would lead to repeal by implication. It is my conclusion that the act of 1928 remains in full force and effect in so far as it applies to automatic insurance.

The question presented then is whether the act of 1928 permits the recovery of installments of automatic insurance which matured in 1917, the dates of payment or maturity of which installments accrued within six years from the time plaintiff filed his claim. This question it seems to me is settled by the recent decision of the United States Circuit Court of Appeals for this Circuit in Towery v. United States, 97 F.2d 906, in which the court held that under a statute requiring a suit on war risk insurance to be brought within six years after the happening of the contingency on which the claim is founded, under a policy providing for total and permanent disability payments during disability, limitations commence to run against a claim for such benefits on the payable date of any particular installment, and that a claim filed on February 11, 1932 for disability benefits accruing under a war risk insurance policy was barred by limitation only as to such installments as had accrued, six years prior to the filing of a claim, that is to say, on February 11, 1926 and was enforceable as to those accruing subsequent to February 11, 1926. Judge Treanor in writing the opinion discussed the origin of the cause of action and the date of accruals at considerable length, and in view of his definitive announcement, a further discussion at this time would be superfluous.

I conclude that under the act of 1928 there is no limitation against the plaintiff's right to recover as to installments accruing subsequent to June 11, 1926, but that he is barred from recovering for any installments maturing prior thereto.

The foregoing shall be included in my findings of fact and conclusions of law. Proper judgment may be submitted.