## MILLER v. UNITED STATES.

### No. 7428.

Circuit Court of Appeals, Seventh Circuit.

Dec. 20, 1940.

Rehearing Denied Feb. 3, 1941.

TREANOR, Circuit Judge, dissenting in part.

Keith L. Seegmiller, of Washington, D. C., and Wm. M. Lytle, U. S. Attorney, of Chicago, Ill., for appellant.

Eugene Bland, of Shelbyville, Ill., for appellee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

This is an appeal by the Government in a war risk "automatic" insurance case wherein the District Court entered a judgment on October 29, 1938, 24 F.Supp. 958, awarding to appellee a recovery for a limited period, to-wit, six years prior to filing of veteran's claim in 1931.

This same litigation was before this court on the veteran's appeal. See 114 F.2d 267.

After the Government had filed a notice of appeal (on February 3, 1939) from the October, 1938, judgment, it obtained a rehearing in the District Court, which resulted in a vacation of the 1938 judgment and a dismissal of the veteran's suit. This action was taken on the authority of the subsequently decided Towery case. United States v. Towery, 306 U.S. 324, 59 S.Ct. 522, 83 L.Ed. 678. On May 5, 1939, the trial court granted the Government's motion to dismiss its appeal from the 1938 judgment.

Thereupon (July 21, 1939) the *veteran* filed notice of appeal from the second—the dismissal of suit—judgment. On the veteran's appeal from this second judgment, this court held: (1) (a) That the trial court was without jurisdiction to vacate a former judgment after notice of appeal therefrom had been filed. (1) (b) The trial court had no authority to dismiss an appeal pending in this court. 114 F.2d 267, 270.

This court in an obiter (made to "avoid future litigation") considered the effect of the July 3, 1930 amendment, 38 U.S.C.A. § 445, extending the statute of limitations, upon automatic insurance. Sec. 401 of the War Risk Insurance Act, 40 Stat. 409. We concluded the extension was inapplicable to war risk automatic insurance and, a fortiori, this veteran was barred from all recovery. There was a dissent from this ruling.

We there stated that the District Court's second judgment, of dismissal of the suit, must be reversed as of no efficacy, and the opinion added, "The appeal of defendant [the Government] from the first judgment *is still pending but it is not before us at this time.* The District Court's order dismissing the appeal from the first judgment is of no force or effect."

In August, 1940, this court granted the Government leave to docket its appeal from the first judgment. The veteran moved to dismiss this appeal, which motion was denied without prejudice to a renewal thereof at the hearing on the merits.

*Validity of Appeal.* The veteran moves to dismiss this appeal (which it must be conceded has had an "unusual" career), on the ground that no record on appeal was filed within fifty days from March 15, 1939 (May 4, 1939), as required by Rule 73 (g) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Rule 73 (g) provides that the *record* "*shall be filed* with the appellate court and the action there docketed within *40 days* from the date of the notice of appeal; except that, when more than one appeal is taken from the same judgment to the same appellate court, the district court may prescribe the time for filing and docketing, which in no event shall be less than 40 days from the date of the first notice of appeal. In all cases, the district court in its discretion and with or without motion or notice may extend the time for filing the record on appeal and docketing the action, if its order for extension is made before the expiration of the period for filing and docketing as originally prescribed or as extended by a previous order; but the district court shall not extend the time to a day more than 90 days from the date of the first notice of appeal."

We reach the conclusion that the appeal is properly and legally before us for our consideration, despite the mandatory statement in the Rule 73 (g) as to the requirement of time within which the record must be filed, for the following reasons:

(a) Rule 73 (g)'s mandatory requirement is alleviated in its rigidity by subsection (a) of the same rule which renders the failure to comply with subsection (g) non-jurisdictional. Subsection (a) reads:

"When an appeal is permitted by law from a district court to a circuit court of appeals and within the time prescribed, a party may appeal from a judgment by filing with the district court a notice of appeal. Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the appellate court deems appropriate, which may include dismissal of the appeal."

The court in Burke v. Canfield, App. D.C., 111 F.2d 526, 527, held that the effect of subsection (a) of Sec. 73 of the Rules was to leave "the matter to this court's discretion, and as the rules involved are new, * * * the appeal should not be dismissed. * * * the error was not necessarily fatal."

██ (b) It was the purpose of these rules to expedite appeals and guard against dilatory tactics. In the instant case the parties were diligent, and it is perfectly apparent why the Government's appeal was not prosecuted—it was proceeding along a course it deemed the most expedient, namely, correcting, in the District Court, that court's erroneous decree. It was confronted by a situation wherein a subsequently announced Supreme Court decision made its decision erroneous. In attempting to correct the mistake, the Government failed to appreciate the legal complication which occurred by reason of its pending appeal.

As soon as this court determined that after an appeal is taken all proceedings in the District Court are stayed, appellant so proceeded. Since we held that the District Court was also without jurisdiction to dismiss the appeal pending in this court, it followed that the appeal was still, and is still, validly pending here.

(c) The fact that the Government's record on appeal was not filed within the prescribed, or extended, time is here immaterial, as a matter of fact. We have the complete record before us because of the appeal taken by the veteran in the previous appeal, and this record is complete so far as the issues here presented for determination are concerned. It is interesting in this connection to note Rule 75 (k) of the Rules of Civil Procedure, which provides:

"When more than one appeal is taken to the same court from the same judgment, a *single* record on appeal shall be prepared containing all the matter designated or agreed upon by the parties without duplication."

██ We have heretofore permitted the printed record presented in the veteran's appeal to stand as the record on this appeal, after having a "re-designation" of its contents and certification by the clerk of the District Court. This record was refiled on this appeal, August 16, 1940.

██ *The Merits.* We here adopt the obiter stated in the opinion on the veteran's appeal, No. 7068, following the heading "Applicability of Statute of Limitations (Act of July 3, 1930) to 'Automatic' Insurance," and as a consequence hold that the suit of the veteran should be dismissed because his claim was barred by the Statute.

The judgment of the District Court is reversed with directions to dismiss the action.

TREANOR, Circuit Judge (dissenting in part).

I am of the opinion that the veteran's claim under his so-called "Automatic Insurance" was not barred and that he is entitled to recover on the merits. See dissenting opinion in previous appeal, Cause No. 7068, reported in 114 F.2d 267.