### YEUNG v. TERRITORY OF HAWAII.

#### No. 10065.

Circuit Court of Appeals, Ninth Circuit.

Dec. 15, 1942.

Philip Silver, of Honolulu, T. H. (Cass & Silver, of Honolulu, T. H., of counsel), for appellant.

Chas. E. Cassidy, Pros., of Honolulu, T. H., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

John Kong Yeung, the appellant (defendant below), was charged with murder in the second degree in violation of Section 5990, Revised Laws of Hawaii 1935, in an indictment returned on October 2, 1941, by a grand jury impaneled for the First Judicial Circuit of the Territory of Hawaii. The circuit court for that circuit assumed jurisdiction over the defendant and of the cause covered by the indictment under the criminal statutes of the Territory of Hawaii, Section 3643, Revised Laws of Hawaii 1935. After arraignment, but prior to entry of plea, the defendant filed a petition in the United States District Court for the Territory of Hawaii praying for a removal of the cause against him to that court. A writ of habeas corpus cum causa was issued in response to the petition and the cause was ordered removed to the federal district court. The Territory interposed a motion for a remand of the cause to the court of origin on the general grounds that the averments of the petition were too indefinite and insufficient to support a removal or a determination of whether the cause was one that might be removed. Thereupon the defendant obtained leave to file, and did file, an amended petition, which in substance alleged that when the defendant shot and killed the deceased on the occasion set forth in the indictment, he was on duty and acting as a United States customs guard. The amended petition further set forth with considerable particularity a version of the circumstances attending the killing and the defendant's contention that it was committed as an accident, in self defense, to consummate an arrest and to prevent the commission of a felony by the latter, all of which were averred to have been necessary incidents to the performance of the defendant's duty as such customs guard. The petition was framed to meet the requirements of 28 U.S.C.A. § 76.

No further opposition was made to the removal after the amended petition was filed. Issue was joined and the trial proceeded in the regular course to a verdict against, and sentence of, the defendant for manslaughter. Appellant seeks by this appeal to have that conviction set aside on the purported basis that although the case had been removed upon his own petition, nevertheless the district court was without legal authority to accept jurisdiction of the cause presented by the territorial indictment.

It is not claimed that the capacity in which the amended petition alleges the defendant was acting at the time of the offense was not one within the purview of 28 U.S.C.A. § 76, nor is any point raised that the allegations of the amended petition were in any other manner insufficient to meet the requirements of that statute so as not to have authorized the lower court to assume jurisdiction over the cause if the provisions of the cited statute were

applicable; but appellant insists that to warrant the removal, the statute must be sufficient in itself for the purpose and that the provisions of Paragraph (d) of Section 86 of the Hawaiian Organic Act, 48 U. S.C.A. § 645, cannot be invoked in aid of the jurisdiction of the court below.

The contentions urged here narrow this appeal to the determination of the following questions: (A) Is the statute, 28 U.S. C.A. § 76, alone sufficient to sustain the removal? If not, (B) does Section 86 of the Hawaiian Organic Act make 28 U.S. C.A. § 76 applicable between the territorial trial courts and the United States District Court for the Territory of Hawaii? (C) Are the provisions of said Section 86, so extending the laws of the United States on the removal of causes to the Territory of Hawaii, still in effect or have they been repealed by implication?

As the determination of this appeal depends upon the effect and applicability of the two statutes above referred to, the pertinent parts are here set forth. Section 76, 28 U.S.C.A. reads in part as follows: "When any civil suit or criminal prosecution is commenced in any court of a State against any officer appointed under or acting by authority of any revenue law of the United States, or against any person acting under or by authority of any such officer, on account of any act done under color of his office or of any such law, or on account of any right, title, or authority claimed by such officer or other person under any such law, or is commenced against any person holding property or estate by title derived from any such officer and affects the validity of any such revenue law, or against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer, * * * the said suit or prosecution may at any time before the trial or final hearing thereof be removed for trial into the district court next to be holden in the district where the same is pending upon the petition of such defendant to said district court and in the following manner: * * *."

Section 645, 48 U.S.C.A., which is part of the Hawaiian Organic Act as amended, reads: "Writs of error and appeals from the said district court shall be had and allowed to the circuit court of appeals for the ninth judicial circuit in the same manner as writs of error and appeals are allowed from district courts to circuit courts of appeal as provided by law, and the laws of the United States relating to juries and jury trials shall be applicable to said district court. The laws of the United States relating to appeals, writs of error, removal of causes, and other matters and proceedings as between the courts of the United States and the courts of the several States shall govern in such matters and proceedings as between the courts of the United States and the courts of the Territory of Hawaii."

Appellant asserts flatly that so far as 28 U.S.C.A. § 76 is considered by itself it contains no basis or authority for the removal of a cause from the Circuit Court of the First Judicial Circuit, Territory of Hawaii, to the United States District Court for the Territory of Hawaii. It is argued that the word "State" as used in this statute cannot be construed to include "Territory". In support of this position appellant cites Wynne v. United States, 217 U.S. 234, 30 S.Ct. 447, 54 L.Ed. 748. In this case the situation was the reverse of the one before us. There a defendant was indicted and convicted of murder committed in the harbor of Honolulu. The case originated in the District Court of the United States, not in the territorial court as here. It was urged on appeal to the Supreme Court of the United States that the federal district court did not have jurisdiction of the offense, but that the jurisdiction was in the Hawaiian territorial courts and should have originated, and been tried, there. Certain sections of the Organic Act of the Territory were referred to as operating to leave intact the jurisdiction of the territorial courts of the Territory under existing penal laws.

While some of the discussion in the course of that opinion points out that the word "State" is often used in contradistinction to "Territory" and that in the public sense, and as sometimes used in the statutes, it has been held to include Territories as well as States of the Union, the case also holds that the meaning of the word "State" as used in a statute must be determined from its context. The effect of a distinction, if any, as applicable to that case was not determined because the court's holding appears to have been that either the federal or the territorial court might have had jurisdiction to try the crime. Thus the court said (page 245 of 217 U.S., p. 449 of 30 S.Ct., 54 L.Ed. 748): "If, when

that act was passed, one who committed murder in the harbor of Honolulu was subject to trial in the courts of the United States, though within the territorial waters of Hawaii, the organic act neither expressly nor impliedly deprives the courts of the Union of the jurisdiction which they had before. It was within the power of Congress to confer upon its courts exclusive jurisdiction over all offenses committed within the territory, whether on land or water. This it did not elect to exercise. * * * It provided also for the organization of local courts with the jurisdiction conferred by the existing laws of Hawaii upon its local courts except as such laws were in conflict with the act itself or the Constitution and laws of the United States. If it be true, as claimed, that the territorial courts exercise jurisdiction over homicides in the harbor of Honolulu, under and by virtue of the laws of Hawaii thus continued in force, it only establishes that there may be concurrent jurisdiction in respect of certain crimes when committed in certain places, and is far from establishing that the courts of the Union have been deprived of a jurisdiction which they have at all times claimed and exercised over certain offenses when committed upon the high seas, * * *."

No cases exactly in point are cited; in fact, counsel in their briefs agree that diligent search has failed to discover any. Appellant places much dependence upon the reasoning of an opinion of the United States Attorney General, 13 Op.Atty.Gen. 584, which was given in a matter pending in the Territory of Montana in August, 1871. The judicial system obtaining in Montana at that early date was quite unlike that prevailing in Hawaii. This is evident from a perusal of that opinion.

In the Montana case, as pointed out by the Attorney General, the removal applied for would have the effect merely of transferring the case from one court docket to another court docket before the same judge. At page 586 of 13 Opp. Atty. Gen., the Attorney General said: "* * * the provision in respect of the removal of actions from State courts will not apply to the case of an action brought against a United States officer in a territorial court created by act of Congress. That provision is confined to suits 'in any court of any State.' Further provision is made for the removal of a case from one court to another; but in this case, not only is the court not a court of 'any State,' but the same court, consisting of the same judge and the same clerk, has jurisdiction both of cases arising under the territorial laws, and of cases arising under United States laws. Consequently, there could be no removal, but merely a transfer, as it were, from one docket of the court to another docket." That this situation which made of the removal a mere idle gesture was the dominant factor in the mind of the Attorney General in rendering the opinion seems quite apparent.

■■ It has been held that this statute should be liberally construed to effectuate its purpose, which was the safeguarding of federal officers acting under federal authority against peril of punishment by those purporting to enforce local laws (State of Colorado v. Symes, 286 U.S. 510, 52 S.Ct. 635, 76 L.Ed. 1253), and we are not prepared to say that under such a construction of the statute in question the court should have refused to entertain appellant's application for removal.

■ But in order to sustain the lower court it is not necessary to rely upon a construction that the designation "State" embraces "Territory" because, as appellee points out, the Organic Act by its express terms has rendered the statute applicable. From Section 645, 48 U.S.C.A. we call attention to, and quote, the following: "The laws of the United States relating to * * * removal of causes, and other matters and proceedings as between the courts of the United States and the courts of the several States shall govern in such matters and proceedings as between the courts of the United States and the courts of the Territory of Hawaii."

This language from the Organic Act, as amended, set out immediately above, apparently makes applicable to the Territory of Hawaii the provisions of Section 76, 28 U.S.C.A. as applied to State courts. This would require that the jurisdiction of the District Court be sustained. Appellant attempts to meet this situation by arguing (1) that the quoted parts of the Organic Act, as amended, were intended only to cover appeals from one court to another and that the use of the expression "removal of causes" must be considered as having reference only to appeals; or (2) that by frequent amendment of the Organic Act with reference to appeals this provision has been repealed by implication and should no longer be regarded as part of existing law,

378

although it has never been omitted in any publication of said Act.

While we may admire the diligent effort involved in the detailed analysis of the various amendments to this section (48 U.S.C.A. § 645) of the Organic Act of the Territory of Hawaii as presented by appellant's brief, we are not able to arrive at the conclusion that the pertinent portion of the Act here invoked has been eliminated. We do not deem it necessary to indulge in any protracted review or discussion of the various amendments to this Organic Act, which at different times have been enacted by Congress. We are satisfied that anything new that has been added to the Act is not in conflict with the removal clause, and none of the various changes made by Congress in express terms refers to the language or subject matter under discussion. Moreover, this portion has always been retained in the various compilations of the statutes.

Appellant does not claim that the wording was repealed directly, but argues for repeal by implication. It is sufficient to say that the statute meets the demands of a situation that could arise at any time and that therefore any repeal by implication should not be favored. "A law is not to be construed as impliedly repealing a prior law unless no other reasonable construction can be applied." United States v. Jackson, 302 U.S. 628, 631, 58 S.Ct. 390, 392, 82 L.Ed. 488.

As heretofore suggested, no authorities directly in point have been found. There is, however, a dictum of this court which, although not binding as authority, is persuasive in its reasoning. Soon after the taking effect of the Hawaiian Organic Act the Supreme Court of the Territory, in the case of Hind v. Wilder's S. S. Co., 13 Haw. 174, considered and construed this conformity statute. It was held that the clause of the Act here under consideration placed the courts of the Territory in a relatively similar position to the federal judicial system as were the State courts. This case was appealed to this court, Wilder's S. S. Co. v. Hind, 9 Cir., 108 F. 113. From pages 115 and 116 of 108 F. we quote: "* * * In section 86 we have the clearly-expressed purpose of congress to provide that the laws of the United States relating to appeals, writs of error, removal of causes, and other proceedings, as between courts of the United States and the courts of the several states, shall govern in like matters and proceedings as between the federal court and the territorial courts of the territory of Hawaii. * * * We are asked to apply to the statute certain rules of construction, but the language employed is not involved or ambiguous. Its meaning is evident upon the first reading. * * * The system of courts created by the act for the territory of Hawaii differs radically from the system of courts which congress had theretofore created for any of the territories. In no other territory has there been a division of jurisdiction between cases which properly belong to courts of the United States and other cases. Congress found in the republic of Hawaii a system of courts already established, whose jurisdiction was complete, and from the highest tribunal of which there was no appeal. To that system congress, by the act, added a district court, conferring upon it the jurisdiction which pertains to the district and circuit courts of the United States, and providing for removing to that court from the territorial courts causes which under the removal acts were removable from a state court to a court of the United States. * * *"

While the court, in that case, was passing on the appeal phase of the statute and the expressions with respect to the removal of causes from territorial courts to federal courts may have been merely obiter dicta, yet the language is most apt when referred to the case at bar.

Appellant himself caused the case to be removed from the Circuit Court of the Territory of Hawaii to the United States District Court. In his petition for removal he set forth with particularity the facts which show that he was acting in the discharge of his duties as a federal officer in the enforcement of a federal revenue law and that the alleged criminal act was committed in self defense. It appears from the record that this is the first time that the jurisdiction of the lower court has been raised in this case.

The question here relates only to a proceeding to remove a criminal case from the territorial court to the federal court in the same manner that many other cases are removable from state to federal courts. The proceedings were in conformity with the provisions of the statutes quoted and the trial court committed no error in assuming jurisdiction upon appellant's request.

Affirmed.