STONE'S EXP., Inc.

v.

UNITED STATES et al.

Civ. A. No. 54-187-M.

United States District Court
D. Massachusetts.

May 25, 1954.

Herbert Burstein, New York City, and John J. Carty, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Boston, Mass., James E. Kilday and John H. D. Wigger, Sp. Assts. to Atty. Gen., Washington, D. C., Stanley N. Barnes, Asst. Atty. Gen., Chicago, Ill., for the United States.

Edward M. Reidy, Chief Counsel, Washington, D. C., Herman F. Mueller, Boston, Mass., for Interstate Commerce Commission.

Before HARTIGAN, Circuit Judge, and FORD and McCARTHY, District Judges.

HARTIGAN, Circuit Judge.

This is an action brought against the United States of America and the Interstate Commerce Commission under the provisions of 28 U.S.C. §§ 1336, 2321 through 2325, inclusive, in which the plaintiff seeks to enjoin and vacate an order of the Commission dated January 19, 1954, granting to St. Johnsbury Trucking Company, Inc., temporary approval to lease all the operating rights of Hinsch Transportation Co., Inc. St. Johnsbury and Hinsch intervened as parties defendants under the provisions of 28 U.S.C. § 2323.

On April 12, 1954, the plaintiff, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C., made a motion for an order granting it judgment on the pleadings. The material allegations of the complaint admitted by the defendants and the intervenors and the orders of the Commission annexed to the pleadings establish the following facts.

The plaintiff, a Massachusetts corporation, is engaged in interstate commerce as a motor common carrier under a Certificate of Public Convenience and Necessity issued by the Commission. On November 27, 1951, St. Johnsbury, a Vermont corporation, and Hinsch, a New York corporation, both common carriers operating under Certificates of Public Convenience and Necessity issued by the Commission, filed a joint application under Section 5 of the Interstate Commerce Act, 49 U.S.C.A. § 5, for approval of a proposed purchase by St. Johnsbury of Hinsch's certificate. Simultaneously with the filing of said application, St. Johnsbury and Hinsch sought temporary authority under Section 210a(b) of the Interstate Commerce Act, 49 U.S.C.A. § 310a(b), to conduct operations for which permanent authority was sought in the Section 5 application. On December 18, 1951, Division 4 of the Commission entered an order which granted the application under Section 210a(b) and authorized St. Johnsbury to lease all the operating rights of Hinsch for a period not exceeding 180 days. On June 3, 1952, Division 4 entered an order extending the temporary authority previously granted by the December 18, 1951, order until " * * * the application filed herein for authority under Section 5 of the Interstate Commerce Act is 'finally determined' as that term is defined * * *" in 49 Code Fed.Regs. §§ 2.1 to 2.3. By an order dated July 2, 1953, Division 4 denied the Section 5 application of St. Johnsbury and Hinsch, but subsequent orders postponed the termination of St. Johnsbury's temporary authority granted by the December 18, 1951 and June 3, 1952 orders until December 15, 1953. On January 19, 1954, the Commission vacated and set aside the July 2, 1953 order of Division 4, and entered an order which approved the Section 5 application and extended the temporary authority previously granted to St. Johnsbury. The plaintiff's petition for reconsideration of this order with respect to the extension of the temporary authority was denied by the Commission on February 23, 1954. By subsequent orders dated April 5, 1954 and April 30, 1954, St. Johnsbury was authorized to purchase the operating rights of Hinsch between July 5, 1954 and August 4, 1954, and effective with the consumma-

tion of the authorized transaction or 30 days from July 5, 1954, whichever first occurs, the temporary authority granted by the order entered on December 18, 1951 as amended by the order entered on June 3, 1952 was to be of no further force and effect.

The sole issue presented by the plaintiff's motion for judgment on the pleadings is whether or not the Commission properly granted St. Johnsbury temporary approval to lease all of Hinsch's operating rights for a period exceeding 180 days. The plaintiff argues that under the provisions of Section 210a(b) of the Interstate Commerce Act, 49 U.S.C.A. § 310a(b),[1] the Commission is prohibited from granting a temporary approval beyond a period of 180 days. The defendants, on the other hand, contend that by the third sentence of Section 9(b) of the Administrative Procedure Act, 5 U.S.C.A. § 1008(b),[2] St. Johnsbury had the right to operate Hinsch's property under its temporary approval until such time as the Commission finally determined the

Section 5 application for permanent authority.

The clear and unambiguous language of Section 210a(b) of the Interstate Commerce Act and of Section 9(b) of the Administrative Procedure Act, and their legislative history, compel us to hold that the third sentence of Section 9(b) does not apply to a temporary approval granted by the Commission under Section 210a(b). ·

■ The defendants rely solely on the temporary approval granted to St. Johnsbury by the Commission to sustain their contention that St. Johnsbury was a "licensee" within the meaning of the third sentence of Section 9(b) of the Administrative Procedure Act. Under the provisions of Section 210a(b), St. Johnsbury obtained the temporary approval to lease all the operating rights of Hinsch only by virtue of having previously filed a Section 5 application for permanent authority. The third sentence of Section 9(b), however, in using the words "In any case in which the *licensee* has

---

1. "§ 310a. *Temporary authority*
   * * * * ●
   "(b) Pending the determination of an application filed with the Commission for approval of a consolidation or merger of the properties of two or more motor carriers, or of a purchase, lease, or contract to operate the properties of one or more motor carriers, the Commission may, in its discretion, and without hearings or other proceedings, grant temporary approval, for a period not exceeding one hundred and eighty days, of the operation of the motor carrier properties sought to be acquired by the person proposing in such pending application to acquire such properties, if it shall appear that failure to grant such temporary approval may result in destruction of or injury to such motor carrier properties sought to be acquired, or to interfere substantially with their future usefulness in the performance of adequate and continuous service to the public."

2. "§ 1008. *Imposition of sanctions; determination of applications for licenses; suspension, revocation, and expiration of licenses*
   "In the exercise of any power or authority—
   * ● ● * ●

"(b) In any case in which application is made for a license required by law the agency, with due regard to the rights or privileges of all the interested parties or adversely affected persons and with reasonable dispatch, shall set and complete any proceedings required to be conducted pursuant to sections 1006 and 1007 of this title or other proceedings required by law and shall make its decision. Except in cases of willfulness or those in which public health, interest, or safety requires otherwise, no withdrawal, suspension, revocation, or annulment of any license shall be lawful unless, prior to the institution of agency proceedings therefor, facts or conduct which may warrant such action shall have been called to the attention of the licensee by the agency in writing and the licensee shall have been accorded opportunity to demonstrate or achieve compliance with all lawful requirements. In any case in which the licensee has, in accordance with agency rules, made timely and sufficient application for a renewal or a new license, no license with reference to any activity of a continuing nature shall expire until such application shall have been finally determined by the agency. June 11, 1946, c. 324, § 9, 60 Stat. 242."

* * * made timely and sufficient application for a renewal or a new license, * * * " indicates that the statute presupposes at the time of the filing of the application the existence of a licensee. (Italics ours.) The language of the statute thus clearly reveals that it was designed to prevent a license in existence at the time of the filing of the application for a renewal or a new license from terminating until the agency has finally determined whether or not to grant the renewal or the new license. But, at the time St. Johnsbury filed its Section 5 application, it did not have a license permitting it to lease Hinsch's operating rights. It obtained its temporary approval to lease all of Hinsch's operating rights only *after* the Section 5 application had been filed. St. Johnsbury is not, therefore, a "licensee" within the meaning of the third sentence of Section 9(b) and does not have the right by virtue of that statute to lease Hinsch's operating rights until the Commission finally determines the Section 5 application.

In addition, the legislative history of the third sentence of Section 9(b) indicates that the statute was only intended to apply to licenses existing at the time of the filing of the application for a renewal or a new license.

The Senate Judiciary Committee Print, June 1945 of the Administrative Procedure Act, gives the following explanation of Section 9(b):

"This subsection is designed to ameliorate the difficulties where private parties are required to secure licenses. * * * The third sentence automatically extends a license in any case in which the licensee has made timely application for renewal but the granting agency fails to act prior to the expiration of the existing license. A similar provision is contained in the licensing procedure act of the State of Ohio (Act of June 3, 1943, sec. 1 amending secs. 154–167 (sic) of the General Code; Amended substitute Senate bill No. 36)." Page 35 of Senate Doc.No.

248, 79th Cong.2d Sess., entitled "Administrative Procedure Act, Legislative History, 79th Congress." Said Ohio Act referred to in the Senate Judiciary Committee Print and found in Vol. 120, p. 361, Laws of Ohio (1943, 1944), states in part:

"No licensee shall be required to discontinue the operation of a business or profession because of the failure of an agency to accept or reject said licensee's application for a new license of the same type or class, or renewal of an existing license, or application for registration, prior to the expiration of the license *held by said licensee at the time said application was made* where said application was filed with the agency within the time and in the manner provided by statute or rule of the agency." (Italics ours.)

■ Also, prior to the passage of the Administrative Procedure Act, there is no doubt that under the facts of the instant case the Commission only had authority to grant a temporary approval for a period not exceeding 180 days by the provisions of Section 210a(b). The defendants, therefore, in arguing that the Commission now has authority to grant a temporary approval exceeding 180 days by virtue of the enactment of the Administrative Procedure Act, in effect contend that the third sentence of Section 9(b) repeals Section 210a(b) by implication. The Supreme Court, however, has frequently stated that a statute will not be held to repeal a prior statute by implication unless no other reasonable construction is possible. Posadas v. National City Bank, 1936, 296 U.S. 497, 56 S.Ct. 349, 80 L.Ed. 351; United States v. Jackson, 1938, 302 U.S. 628, 58 S.Ct. 390, 82 L.Ed. 488; United States v. Borden Co., 1939, 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181. The intention of the legislature to repeal " * * * must be clear and manifest." Red Rock v. Henry, 1882, 106 U.S. 596, 602, 1 S.Ct. 434, 439, 27 L.Ed. 251. There must be a "positive repugnancy between the provisions of the new laws and those of the old." Wood v.

United States, 1842, 16 Pet. 342, 363, 10 L.Ed. 987. We find no such repugnancy between the provisions of §§ 210a(b) and 9(b). Section 210a(b) in clear and unambiguous terms states that the Commission may grant temporary approval for a period *not exceeding 180 days*. In holding that the third sentence of § 9(b) does not apply to the temporary approval granted to St. Johnsbury, we are, therefore, following the well established rule of giving effect to both statutes covering the same general subject matter. United States v. Borden Co., supra.

■■ A final contention of the defendants is that the Commission pursuant to Section 12 of the Administrative Procedure Act, 5 U.S.C.A. § 1011,[3] published its interpretation of the third sentence of Section 9(b) in which it construed that sentence as being applicable to temporary approvals granted under Section 210a(b).[4] The contemporaneous and continued construction of the Commission is entitled to great weight. United States v. Alabama Railroad Co., 1892, 142 U.S. 615, 12 S.Ct. 306, 35 L.Ed. 1134; U. S. v. America Trucking Ass'ns, 1940, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345. But, because the provisions of §§ 210a(b) and 9(b) are unambiguous and their directions specific, " * * * there is no power to amend it by regulation." Koshland v. Helvering, 1936, 298 U.S. 441, 447, 56 S.Ct. 767, 770, 80 L.Ed. 1268; See Alaska Steamship Co. v. U. S., 1933, 290 U.S. 256, 54 S.Ct. 159, 78 L.Ed. 532; Social Security Board v. Nierotko, 1946, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718. " * * * Inconvenience or hardships, if any, that result from following the statute as written, must be relieved by legislation. It is for Congress to determine whether the Commission should have more authority * * * " with respect to the granting of temporary approvals under section 210a(b). United States v. Mo. Pac. R. Co., 1929, 278 U.S. 269, 277, 278, 49 S.Ct. 133, 136, 73 L.Ed. 322.

The plaintiff's motion for judgment on the pleadings is granted and a permanent injunction will be entered requiring the Commission to set aside and annul its order of January 19, 1954, insofar as that order continues the temporary operations authorized by the Commission.

---

3. "§ 1011. *Impairment of rights; effect on other laws, separability; subsequent legislation; effective date*
" * * * Every agency is granted all authority necessary to comply with the requirements of this chapter through the issuance of rules or otherwise. * * * "

4. 49 Code Fed.Regs. § 2.1 to 2.3.