ATLANTIC COAST LINE RAILROAD COMPANY, The Baltimore and Ohio Railroad Company, Louisville and Nashville Railroad Company, The New York, New Haven and Hartford Railroad Company, The Pennsylvania Railroad Company, Seaboard Air Line Railroad Company, and Southern Railway Company, Plaintiffs,

v.

The UNITED STATES of America, Defendant,

and

Interstate Commerce Commission, and Pan-Atlantic Steamship Corporation, Intervening Defendants.

Civ. A. No. 56–232.

United States District Court, D. Massachusetts.

May 17, 1956.

W. Q. Keenan, New Haven, Conn., Edmund M. Sweeney, Boston, Mass., for plaintiffs.

Stanley N. Barnes, Asst. Atty. Gen., Anthony Julian, U. S. Atty., Boston, Mass., James E. Kilday, Albert Parker, Washington, D. C., for the United States.

Robert W. Ginnane, Gen. Counsel, James A. Murray, Associate Gen. Counsel, Washington, D. C., for the Interstate Commerce Commission.

James Julian Weinstein, Boston, Mass., Warren Price, Jr., David G. Macdonald, Macleay, Lynch & Macdonald, Washington, D. C., William H. Armbrecht, Jr., Mobile, Ala., for Pan-Atlantic Steamship Corp.

Before MAGRUDER, Circuit Judge, and FORD and WYZANSKI, District Judges.

PER CURIAM.

The amended complaint herein seeks a decree from us setting aside an order of the Interstate Commerce Commission.

On or about May 5, 1955, Pan-Atlantic Steamship Corporation made application to the Commission for permanent authority to operate as a common carrier by water between certain Atlantic and Pacific ports.

While this application was pending, upon application by Pan-Atlantic Steamship Corp. for temporary authority under § 311(a) of the Interstate Commerce Act, as amended, 49 U.S.C.A. § 911(a), the Commission issued its order on May 18, 1955, granting authority to Pan-Atlantic Steamship Corp. to operate as a common carrier by water between certain named Atlantic and Pacific ports, up to and including November 14, 1955.

Subsequently, by order entered October 28, 1955, the Commission authorized Pan-Atlantic Steamship Corp. to continue to perform such temporary water carrier service, until further order of the Commission, but not beyond the time the pending application for permanent authority should have been determined. This order of October 28, 1955, is the one complainants seek to have us annul, on the ground that it constitutes an *ex parte* extension of temporary authority beyond the maximum period of 180 days prescribed in § 311(a). The Commission, on the other hand, claims that its more extended order is sanctioned by § 9(b) of the Administrative Procedure Act, 60 Stat. 242, 5 U.S.C.A. § 1008(b).

This case is ruled in principle by the decision of this court in Stone's Express, Inc. v. United States, D.C.1954, 122 F. Supp. 955. (Our judgment was subsequently vacated for mootness pursuant to stipulation of the parties, Interstate Commerce Commission v. Stone's Express, Inc., 1955, 350 U.S. 906, 76 S.Ct. 190.) Though that case involved the 180-day limitation in § 210a(b) of the Interstate Commerce Act, 49 U.S.C.A. § 310a(b), the issue as to the Commission's power is essentially the same. We think, consistent with the usual deference to precedent common in this Court, we should adhere to the conclusion reached in Stone's Express, Inc. v. United States, supra.

The plaintiffs' motion for summary judgment is granted and a permanent injunction will be entered requiring the Commission to set aside and annul its order of October 28, 1955, in so far as that order continues the temporary operation previously authorized by the Commission.

WYZANSKI, District Judge.

I concur exclusively on the ground that I always defer to an earlier decision by my brethren, except where the decision is remote in time, or except where the court seems to me to have been inescapably wrong. Neither of these conditions is present here. However, in order to make clear the desirability of a Supreme Court review of the problem, I add that were the matter *res integra,* and were I not, as I conceive, bound by the ruling in Stone's Express, Inc. v. United States, D.C.Mass.1954, 122 F.Supp. 955, I should conclude that, by virtue of § 9(b) of the Administrative Procedure Act, 60 Stat. 242, the I.C.C. did not act *ultra vires* in entering its order of October 28, 1955. I am authorized to state that Judge FORD agrees with this view.